McDONALD *v.* HUMPHRIES.

Opinion delivered April 9, 1892.

*Life insurance—Beneficial interest—Trust.*

> Where a person advances money to pay the assessments on another's life insurance policy, under an agreement that he shall hold the policy as security for their repayment, and the name of the wife of such person is inserted as one of the payees, merely for the purpose of making his security more effectual, the wife has no beneficial interest in the policy except as trustee for the amount advanced.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

Mrs. Caroline McDonald brought suit against C. B. Humphries and wife, Lucy A. Humphries, and the American Legion of Honor, a mutual life insurance society, upon a benefit certificate for $2000, issued on the life of Joseph McDonald, one-half for the benefit of plaintiff, his wife, and one-half for the benefit of defendant, Lucy A. Humphries, sister of plaintiff. The complaint alleged that deceased held originally a benefit certificate for the sum of $2000 payable to herself. Becoming embarrassed, he applied to defendant, C. B. Humphries, to pay the dues and assessments. The latter agreed to pay them for the sole benefit of plaintiff, but reserved to himself a lien on the benefit certificate, or sum secured by it, for such sums of money as he might advance to pay dues and assessments ; that subsequently the original benefit certificate was cancelled, and the certificate in question was

issued, but with the express agreement that neither C. B. Humphries nor his wife would ever claim any other interest than a lien for such sums as might be expended by him in payment of dues and assessments. Wherefore, plaintiff prayed that she recover the $1000 payable to her by the terms of the benefit certificate, and also the $1000 payable to defendant, Lucy A. Humphries, less the sum due C. B. Humphries for dues and assessments paid by him.

Defendants' answer alleged in substance that C. B. Humphries agreed, as a matter of charity, to pay deceased's assessments and dues ; it denied that there was any agreement that neither C. B. Humphries nor his wife would ever claim any other interest than a lien for such sums as might be expended in paying dues and assessments ; the truth was, the payment of the dues was made upon the expectation that if Mrs. Humphries should outlive McDonald she might have the half interest in the policy in her own right.

Under the order of the court, the defendant, the American Legion of Honor, paid to plaintiff $1000, and paid into court, subject to further orders, the $1000 in dispute, and was discharged from further liability in the case.

Plaintiff filed an amendment to her complaint, and alleged that defendant, C. B. Humphries, paid all the before mentioned assessments and dues as a gratuity and without charge; that defendant, Lucy A. Humphries, was never dependent in any way whatever on Joseph McDonald for support and maintenance, and had no legal or equitable interest whatever in the benefit certificate now in controversy.

The by-laws of the American Legion of Honor were read in evidence, showing that, under the rules of the order, certificates could be issued only for " the benefit of the member's family or those dependent upon him for

support." It was admitted that Mrs. Humphries was not a member of McDonald's family nor dependent upon him for support. It was proved that the dues and assessments paid by defendant, Humphries, including interest, amounted to $373.67. The abstracts do not state whether any other evidence was introduced in the case.

The court adjudged that defendant, C. B. Humphries, recover $373.67, the amount of dues and assessments paid by him, and that plaintiff recover the remainder of the sum in controversy. Both parties have appealed.

*John Hallum* for appellant.

Appellee has no right to recover what he admits in his pleadings was a gratuity. He is estopped by his pleadings. Herman on Est. & Res Jud., vol. 2, secs. 817, 818; Gr. Ev. (9th ed.) vol. 1, secs. 22, 27, 172, 205, 186 and 527 *a*; 16 Ark. 440; 24 *id.* 410; 21 *id.* 101, 121.

2. The judgment excluding Mrs. Humphries from participation in the fund is right. She is excluded by the charter, being neither a member of the family nor dependent on the deceased for support, nor of kin or blood relation to him. 140 Mass. 580 to 594; 142 *id.* 224. 145 *id.* 134.

*Bunn & Gaughan* and *B. W. Johnson* for appellees.

No one except the company had the right to object that Mrs. Humphries had no insurable interest in the life of the assured. The company making no objection, the policy should be paid to its beneficiaries according to its terms. 53 Ark. 255; 17 S. W. Rep. 874; 75 Wis. 465; 29 Mo. 509.

MANSFIELD, J. The judgment appealed from awards to the defendant, C. B. Humphries, no greater part of the fund deposited in court than the original complaint admitted his right to. The remainder of the fund was given to the plaintiff, and she thus obtained all her suit was brought to recover. But, after the defendants had

answered, she amended her complaint so as to demand the whole amount of the policy remaining unpaid. And her contention here is that the defendant, C. B. Humphries, is estopped to claim any part of it by facts admitted in the original answer. But if that pleading may be properly construed as making the alleged admission, it can have no force as an estoppel that must not also be given to the admission made in the original complaint. The latter was to the effect that C. B. Humphries was, by agreement with Joseph McDonald on whose life the policy issued, entitled to the sum which the court allowed him as a reimbursement of money advanced upon the policy. The evidence shows that the allowance was just, and the court did not err in adjudging it.

The defendants on their part complain of the judgment below because it gave to Mrs. Humphries no part of the sum in controversy. The argument of her counsel is that, as it was payable to her by the terms of the policy and her right to it was not contested by the insurance company, she was entitled to the whole sum, according to a ruling made by this court in *Johnson* v. *Knights of Honor*, 53 Ark. 255. The decision in that case was that a provision in the constitution of a mutual aid society limiting the beneficiaries of an insurance certificate to the holder's family, or those dependent upon him, may be waived by the society, and is of no avail to a third person. But here the objection to the claim of Mrs. Humphries, which presumably prevailed in the circuit court, was that she had no right to the fund in dispute except in the capacity of a trustee ; and that the beneficial interest in the policy belonged to the plaintiff, subject to the right of C. B. Humphries to be repaid out of its proceeds, when collected, the sums advanced by him for McDonald as premiums and assessments. The complaint alleges that these sums were advanced under an agreement that the defendant, C. B. Humphries, should hold the policy as a

security for their repayment ; and that McDonald acquiesced in the insertion of Mrs. Humphries' name in the policy as one of the payees, upon the assurance of her husband that her name was inserted merely for the purpose of making his security more effectual. If such was the agreement, the effect was to make the plaintiff the real beneficiary of the whole policy, subject to an equitable lien in favor of C. B. Humphries for the amount of his advances. Cooke, Life Ins., sec. 127. The company, having paid the money into court, was released from all liability to either of the parties, and had no further interest in the litigation. The question which remained for the decision of the court involved only a proper disposition of the fund as between the plaintiff and the other defendants. And Mrs. Humphries was denied any part of the money, not because she was disqualified to become a beneficiary, but for the reason that she had not in fact been made such except in a merely nominal sense. The agreement stated in the complaint places her in such relation to the policy that she was entitled to take nothing upon it except for the benefit of her husband. He has recovered all that was due to him under the agreement ; and if the court erred in finding that the agreement was made or in the judgment enforcing it, the error is not disclosed by the defendants' abstract of the record.

Affirmed.