## SCHARDT *v.* SCHARDT.

### *(Nashville.* January 25, 1898.)

1. LIFE INSURANCE. *Surrender and renewal of policies.*

   Doctrine reaffirmed that a person insured in a benevolent order may change the beneficiary in his certificate, surrender one certificate and take out another, and make such other changes as he may wish, whenever and in whatever manner he may desire, within the rules of the order. (*Post, p. 279.*)

   Case cited and approved: Sofge *v.* Knights of Honor, 98 Tenn., 446.

2. SAME. *Formalities of surrender of certificate.*

   Formalities as to surrender of certificate and issuance of renewal certificate prescribed by the by-laws of a benevolent order, are designed for the protection of the order, and, if waived by the order, their nonobservance is not available to others. (*Post, pp. 279, 280.*)

   Cases cited: 84 Iowa, 383 (S. C., 15 L. R. A., 114); 81 Iowa, 200; 86 Ky., 5; 146 Mass., 286; 40 Kan., 571; 4 L. R. A., 382.

3. SAME. *Certificate cannot be disposed of by will.*

   A member of a benevolent order cannot, directly or indirectly, dispose of his certificate by will so as to defeat or affect the rights of the beneficiaries named therein. (*Post, pp. 280, 281.*)

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

JOHN RUHM & SON for Complainant.

Schardt v. Schardt.

WILKIN & CHAMBERLIN, STOKES & STOKES, H. M. MEEKS, and E. L. GREGORY for Defendants.

WILKES, J. This is a contest between the widow and children of Henry Schardt, deceased, over the proceeds of a certain insurance policy in the Knights of Honor, of which order Henry Schardt died a member.

The deceased first took out a policy in the order, October 25, 1881, for the benefit of his first wife, Magdalena. She subsequently died and the assured remarried, and on April 12, 1888, he surrendered the first policy and took out another in favor of his second wife, Wilhelmine Louise. Subsequently, and only a short time before he died, he surrendered this certificate and took out another, on April 8, 1896, in which his children, the defendants in this case, were named as beneficiaries. The present bill is filed by the widow, beneficiary under the second policy, against the children, beneficiaries under the third or last policy, to enjoin the payment of the benefit to them, as the last policy provides. The Chancellor, on final hearing, refused the relief prayed, and dismissed the bill, and, on appeal, the Court of Chancery Appeals has affirmed the decree of the Chancellor, and the complainants have appealed to this Court.

While the relief prayed for in the original bill was predicated on several different grounds, only one is insisted upon in this Court, and that is, in sub-

stance, that the second policy was surrendered and the third policy issued in a mode not in conformity with the rules and by-laws of the order, and, hence, the substitution of the third for the second policy was irregular, unauthorized, and conferred no rights upon the children, but left the widow entitled to the proceeds of the insurance as the second policy provided. The objection to the manner in which the surrender of the second and the issuance of the third policy was made, is that the surrender certificate, authorizing the former to be delivered and the latter to issue was not signed in the presence of the reporter of the lodge, though it was attested by him upon information he received from the dictator, in whose presence it was signed; nor was the acceptance and delivery and the witnessing of the same made in the presence of the reporter, as the by-laws contemplate. Several sections of the by-laws and rules of the order are referred to as requiring these formalities to be observed, but in the view we. take of the case, it is not necessary to set them out in detail.

The Court of Chancery Appeals was of opinion that the word, "attest," as used in these sections, is not confined to its ordinary meaning, of witnessing, but means to certify, and that, in order to make such certificate or attestation, it was not imperatively necessary that the signature be made in the actual presence of the reporter, the object being simply to certify to the supreme officers the gen-

uineness of the certificate and its execution.   Citing *Ivin Coke* v. *Grand Lodge*, 84 Iowa, 383; 15 L. R. A., 114; *Herschel* v. *Clarke*, 81 Iowa, 200; 3 Am. & Eng. Enc. L., 997.

We think we need not pass upon the correctness of this view in this case, as there are other features which are controlling.   It is not denied, and, in this case, is not disputed, but that a person insured in this or similar beneficial orders may change the beneficiary in his policy, surrender one policy and take out another, and make such other change as he may wish, whenever and in whatever manner he may desire, within the rules of the association, this is too well established to be controverted.   *Sofge* v. *Knights . of Honor*, 98 Tenn., 446.

There is no question made in this case but that the assured did intend to cancel the second and take out the third policy, and that he did all that he was informed by the officers of the lodge was necessary to be done to effect this purpose.   There is no question made that he did not execute the certificate, and there is no doubt but that the assured intended his children should have the benefit under his policy, and that his widow should not, and that the policy for her benefit was canceled.   The provisions as to how this should be effected are designed for the protection of the order, so that it may not be imposed upon and involved in contentions between contrary claimants.   It is competent for the

order to waive these requirements, and its failure to rely upon them is a waiver. Bacon's Benefit Societies, Vol. I., Secs. 308, 628, 629; *Manning* v. *Ancient Order of United Workmen*, 86 Ky., 5 S. W., Rep., 385; *Marsh* v. *Sup. Council*, 4 L. R. A., 382; *Ringe* v. *New England Mutual Aid Society,* 146 Mass., 286; *Titsworth* v. *Titsworth*, 40 Kan., 571.

There is no contention in this case on behalf of the order. It makes no objection to anything that has been done in regard to the policies. It has, paid the money into Court, to be disposed of as the Court may see proper under the facts, and it stands indifferent between the parties.

It is evident the complainant cannot recover under the third policy, as she is not provided for in it. She cannot recover under the second, for that is canceled and delivered up, and was not kept alive and in force at the death of the assured. It is said that the policy was at one time recognized as given to complainant by the will of the assured, and such is the case, but the policy did not and could not pass by the will but only according to its terms and provisions. It is also said that the widow was, by the will, given a share in the personal property of her husband, but that there proved to be no personal property, and her expectations in this direction were defeated.

Other circumstances are adverted to, and the argument is made that out of all these, equities have

arisen between the widow and children which should operate to give her the proceeds of the insurance, or a share therein, and the language of this Court in *Fisher* v. *Fisher* is referred to as authorizing this view. But there is a misconception of what was said in the Fisher case. The equities there referred to, which might arise between parties *inter sese*, so as to require or sanction an adjustment between parties in the proceeds of such insurance, are equities arising out of the policy itself, the manner in which the premiums were paid, and the agreements of the parties in regard to the proceeds of the policies, and not equities arising out of the division of the other estate or funds of the deceased, and the same may be said of other cases referred to by counsel.

We can see no error in the conclusion of the Court of Chancery Appeals, and its decree is affirmed.