LAURINDA J. DEPEE, Appellant, v. GRAND LODGE OF A. O. U. W., of Iowa, Defendant, and OTIS B. DEPEE, Appellee, v. GRAND LODGE OF A. O. U. W., of Iowa, Defendant.

INSURANCE: *Change in beneficiary.* While a by-law of a beneficial association which provides the manner in which a change of beneficiary may be made cannot be taken advantage of by parties claiming the insurance, yet such claimant may question whether a change in beneficiary has, in fact, been made.

APPEAL: *Finding in law action.* The finding of the trial court will not be disturbed when supported by the evidence.

*Ruling below necessary.* On the trial of a law action, errors assigned on the admission or rejection of evidence cannot be considered in the absence of rulings thereon.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

FRIDAY, OCTOBER 21, 1898.

THIS is a contest between Laurinda J. Depee and Otis B. Depee over the avails of a certificate of membership in the Grand Lodge A. O. U. W., issued to one Alonzo Depee, the husband of Laurinda J. Each claims to be the beneficiary named in the certificate. The lodge makes no defense to the proceeding, but stands ready to pay the amount due to him who is found to be entitled thereto. The trial court found that Otis B. Depee is the rightful beneficiary, and entitled to the fund, and Laurinda J. Depee appeals.—*Affirmed.*

*Hallam & Stevenson* for appellant.

*Lynn & Foley* for appellee.

*Henderson & Berry* for defendant.

DEEMER, C. J.—The original certificate, issued in the year 1878, made appellant the beneficiary. Appellee contends, and the lower

·court found, however, that Alonzo Depee made a change of beneficiary some time in the year 1890, and directed the lodge to issue a new certificate, making Otis B. Depee, his brother, the beneficiary. On the back of the original certificate, under date of December 11, 1890, appears what purports to be a revocation of the direction as to payment, and an order directing payment to be made to Otis B. Depee, signed, "A. L. Depee." It is conceded by all parties that Alonzo Depee did not personally sign this revocation and order. Appellee ·contends, however, that it was signed by E. E. Wells or D. A. Winne, and that whichever one signed it in the name of A. L. Depee did so with authority. He also contends that appellant had no interest in the original certificate, and that the change of beneficiary, although irregular, cannot be questioned by any one except the lodge.

It may be conceded that a by-law pointing out the manner in which a change of beneficiary may be made is directory, and cannot be taken advantage of by parties claiming the insurance; but it is, nevertheless, true that the holder of the certificate must have, in fact, made a change in order to defeat the original beneficiary. Whether Alonzo Depee did this or not is the controlling question in the case. The action is at law, and the finding of the court to which the case was submitted has the force and effect of a verdict of a jury. Witness Winne testified in effect, that he wrote the order for the change, and affixed the name of A. L. Depee thereto; and he further said that he did so by authority of the assured. There are many things tending to discredit his evidence, but he was upon the witness stand before the trial court, and the presiding judge was better able than we are to judge of the truthfulness of his testimony. If his testimony be accepted, then the judgment awarding the proceeds of the certificate to Otis B. Depee is correct.

The rules relating to the force and effect to be given the findings of a court or the verdict of a jury in a law action are so well understood that we need not reiterate them here. The judgment has support in the evidence, and we cannot interfere.

As the court made no ruling on the admission and rejection of evidence, the errors assigned thereon cannot be considered. The judgment is AFFIRMED.