SUPREME LODGE, ORDER OF GOLDEN CHAIN, v. TERRELL et al.

(Circuit Court, N. D. Georgia.   June 22, 1899.)

1. **LIFE INSURANCE—BENEFIT CERTIFICATE—CHANGE OF BENEFICIARY.**
   Under the provision in the by-laws of a benefit association that a member desiring to change his beneficiary may surrender his certificate, and a new certificate shall be issued, payable to such beneficiaries dependent on him as he may direct, on payment of one dollar; such surrender and designation being in writing, signed by him, and forwarded, under the seal of the subordinate lodge, with the benefit certificate, to the supreme secretary; he having by his will directed his executor to pay the benefit to his sisters, and by writing on the certificate, signed by him, directed the supreme secretary to issue to him a new certificate, payable to T., as his executor, and having sent it, with the fee, to the local officers of his lodge; and they having sent it to the officers of the supreme lodge; and he having died before any action by them,—it will be held that there is a sufficient designation of a new beneficiary, and as a new certificate would have issued, as matter of course, if he had not died before there was time therefor, it should be considered as issued payable to T. as executor, and in legal effect to his sisters.

2. **SAME—OBJECTION TO BENEFICIARIES.**
   The constitution and by-laws of a benefit association providing that a person becoming a member shall enter on his application for a benefit certificate the "name or names of those dependent on him to whom he desires his benefit paid," and also providing for such "future disposal among his dependents as the member may thereafter direct," the designation by him of sisters as substituted beneficiaries, being satisfactory to the association, it cannot be objected by the persons who, in the absence of such designation, would receive the benefit,—the original beneficiary having died,—that they were not dependent on him.

In Equity.   Exceptions to report of special master.

E. W. Martin, for complainant.
Maddox & Terrell, for defendant Terrell.

NEWMAN, District Judge.   Ledrew R. Hooper had a benefit certificate, which had been issued to him in 1896, in the Order of the Golden Chain.   The certificate provided for payment at his death to his mother, Mrs. Sophia A. Hooper, of the sum of $3,000. On the 24th day of July Mrs. Hooper, the mother, died.   The insured, Ledrew R. Hooper, was himself quite sick at the time of his mother's death.   Immediately after his mother's death he sent for lawyers, and made his will.   In the will he directed that the $3,000 in question should be paid by the executor named in the will (John Terrell) to his two sisters, Mrs. Louisa West and Mrs. Martha M. Standridge.   On the back of the benefit certificate held by Hooper is a blank to be used for naming a new beneficiary.   Hooper caused this blank to be filled up, and in it directed the supreme secretary of the order to issue to him a new certificate payable to John Terrell as his executor which he signed.   He sent the benefit certificate, with this indorsement on it, together with the $1 fee required in such cases, to the local officers of his lodge in Atlanta. Within a very few days thereafter, Hooper died.   The benefit certificate, with the indorsement on it changing the beneficiary, and the $1, were received by the officers of the lodge, who subsequently sent it to the officers of the supreme lodge in Baltimore.   In addi-

tion to the two sisters named in the will, to whom the executor was directed to pay this $3,000, Hooper had five other brothers and sisters. After Hooper's death the order made no question as to its duty to pay the $3,000 called for by the certificate, but as the same was claimed both by the executor, as to the entire amount, and by the five other brothers and sisters as to their five-sevenths of the amount, the order filed its bill of interpleader, and, by an order of the court, paid the money into its registry.

The question in the case is as to whether or not, by the provision of the will, and the designation on the back of the benefit certificate, Hooper made a proper and legal change in the beneficiary, so that the amount should go to the executor for the benefit of his two sisters, or whether it should go to all the brothers and sisters, share and share alike. Hooper's father had died before his mother, and, as he was an unmarried man, his brothers and sisters were his nearest relatives.

The by-laws of this order (section 172) provide:

"A member shall enter upon his application the name or names of those dependent upon him to whom he desires his benefits paid, subject to such future disposal among his dependents as the member may thereafter direct; and the name shall be entered in the benefit certificate according to said direction, which, however, must be explicit."

Section 173 provides:

"A member desiring to change his beneficiary may, at any time when in good standing, surrender his benefit certificate, and a new certificate shall be issued, payable to such beneficiary or beneficiaries dependent upon him as such member may direct, upon the payment of a fee of one dollar. Said surrender and direction must be made in writing, signed by the member, and forwarded, under the seal of the subordinate lodge, with the benefit certificate, to the supreme secretary."

Section 176 provides:

"In the event of the death of all the beneficiaries selected by the member, before the decease of such member, if he shall make no other or further disposition thereof, the benefit shall be paid to his widow; if none, then to his children, pro rata;  *  *  *  if no widow, child, children, or grandchildren living, then to the mother of the deceased, if living; if none of the foregoing, then to his father, if living; in failure of all of the above named, to brothers and sisters, share and share alike," etc.

The constitution of the order provides for what is called a "widows' and orphans' benefit fund," payable to the member's family, "or those dependent upon him, as he may direct."

The contention here is, on behalf of all these brothers and sisters, that the designation by Hooper in his will was—First, not such a new designation of beneficiaries as is required by the by-laws of the order; and, second, that even if it be a sufficient designation, the two sisters named were not dependent upon him, and that therefore the designation was invalid, and by virtue of the terms of the by-laws all the brothers and sisters, being the next of kin, are entitled to the amount.

As to the first point, the will of Hooper and the designation on the back of the benefit certificate must be considered together. He directed the order to issue a new certificate to John Terrell,

as his executor. In his will he directs that John Terrell, as his executor, shall collect the money, and hold the same as trustee for the benefit of the two sisters named. By the terms of the by-laws the new certificate would be "payable to such beneficiary or beneficiaries dependent upon him" as he (Hooper) might direct. There is nothing whatever to show that Hooper was not in good standing in every way with his order, and consequently a new certificate would have issued, as a matter of course, if he had not died before there was time for the proper officers to issue it. Therefore that should be considered as done, especially in a court of equity; and, as the case stands, it may be considered as if a new certificate had been issued, payable to John Terrell, as executor, and in legal effect to the two sisters named; and the special master to whom this case was referred so determined.

As to the other question, that these two sisters were not dependent upon him, the record seems to be, in a measure, silent; but the special master finds that they were not dependent upon him in such sense as is contemplated in the constitution and by-laws of the Order of the Golden Chain. The provision of the by-laws is that a person becoming a member of this order, and applying for a benefit certificate, shall enter upon his application the "name or names of those dependent upon him to whom he desires his benefit paid"; and it also provides for such "future disposal among his dependents as the member may thereafter direct." The designation of the beneficiaries dependent upon him, to whom a member desires the amount for which he is insured paid at his death, is therefore a matter for the member. It may be that, within reasonable limits, the supreme lodge of the order might raise some question as to the person named not being of the member's family or dependent upon him; but is there any authority for third parties to make this question? A member insures his life, and pays the dues required by the order. Why should he not name such person or persons dependent upon him as he may desire, and why should he not be the judge, as between himself and his other relatives, as to which of them is dependent upon him, and as to who shall receive his insurance in the event of his death? It is his contract, and he pays the dues or premiums, and why may he not name the beneficiaries? By what right do third parties claim that a member's designation of beneficiaries is invalid? I am wholly unable to see how any other parties, even if they be of the same relationship to the member as the beneficiary named, can contest this question, when the supreme lodge of the order does not make it. The able special master, who has made a careful and well-considered report, takes the contrary view of this question, and so reports. He thinks that, under the constitution and by-laws, it is necessary that the beneficiaries should belong to the family of the member, or be dependent upon him, and that the question may be raised by third parties who would take, under the by-laws of the order, in the event no proper beneficiaries were named. Upon the question as to whether the two sisters named were dependent upon Ledrew R. Hooper, the special master reports as follows:

"The especially pertinent parts of these provisions I have underscored in the quotations. Construing these, I report that one belonging to said order can validly designate as beneficiaries only members of his own family, and persons who are dependent upon him. The two sisters were not members of the family of the deceased. They did not live with him, and there is not a line of evidence to show that he contributed to their support. I cite as pertinent here a Massachusetts case, decided March 30, 1897, construing an act authorizing benefits to be paid to members of the association and their families. * * * It appears that even parents not living with one are not members of his family; and it is clear that sisters living apart from a member, and not receiving from him help in their support, are not dependent upon him. I report that the two sisters, to wit, Louisa West and Martha M. Standridge, at the time the will in evidence was made, and when Terrell, as executor, was designated as beneficiary, did not belong to the family of the deceased, and were not dependent upon him, and that, in accordance with the authorities cited above, their designation as beneficiaries by the deceased is void."

The facts seem to be that the two sisters who were named as beneficiaries were married at the time of Hooper's death; were people who were living in the country, engaged in farming, and in very moderate circumstances. Indeed, it seems likely, from the facts stated, that they were poor people, and yet not so poor as to make them absolutely dependent upon others for support. Giving full weight to the report of the special master, it would probably be necessary to find that they were not, strictly speaking, dependent, even if there was a conflict; but there seems to be none, and their condition in life is not seriously questioned. The conclusion which I have reached on this subject is this: The constitution provides for the payment of this benefit fund to the member's family, or "those dependent upon him, as he may direct." The by-laws have the same provision. In reference to making a redesignation of a beneficiary, the same language, substantially, is used. It is, such dependents as the member may direct. The member, in this case, for reasons satisfactory to himself, directed that the amount of his benefit should be paid to these two sisters. The provisions quoted seem to make it a matter entirely discretionary with the member as to who he shall name as the beneficiary, with the right, possibly, in the supreme lodge of his order to question the designation. But it appears to me to be a matter only between the order and the member. Who can know the exact facts on the question of dependents, as between a member and his sisters, and who can know how far, and for what reasons, he deemed these sisters dependent upon him? It is a matter for the member himself to determine, and after he determines it, the order being satisfied, it is not a matter upon which third parties may be heard. Some authorities have been cited which seem to take a different view of this matter, and some are cited which seem to support it; but on principle, and in the absence of any authority controlling in this court, I am compelled to hold that the designation of these two sisters as his beneficiaries should stand, and the exceptions to the report of the special master on the question will be sustained. A decree may be entered carrying these views into effect.