### John Ptacek et al. v. Josefina Pisa et al.

#### Gen. No. 13,148.

1. FRATERNAL BENEFIT SOCIETY—*character of interest of beneficiary in certificate of.* A beneficiary named in a fraternal benefit certificate acquires no vested interest.

2. FRATERNAL BENEFIT SOCIETY—*power of member to change beneficiary.* A member has a right to change a beneficiary named in

a certificate without the surrender of the old certificate, and this without regard to the fact that the old beneficiary was a creditor.

Bill of interpleader. Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed May 28, 1907.

**Statement by the Court.** Josef Pisa became a member of the appellee, Supreme Lodge Bohemian-Slavonian Knights and Ladies, a fraternal benefit society organized under the laws of Illinois, and took out a benefit certificate payable at his death to his wife, appellee, Josefina Pisa. In May, 1900, in consideration of the promise of appellants that he and his wife would be taken to the home of appellants and furnished board and lodging for the remainder of their lives, Josef Pisa surrendered his benefit certificate and took out a new one payable to appellants, John Ptacek and Marie Ptacek, the stepson and his wife of said Josef Pisa. Josef Pisa was in arrears with his dues and assessments, and appellants were to pay all dues and assessments, including those in arrears on the certificate payable to Josefina.

Appellants took Josef and Josefina Pisa into their home and furnished them with board and lodging until March 16, 1905. At that time it is claimed by appellants that the physical condition of said Josef became such that it was impossible without menacing the health of the family to keep him in their house, and they placed him in the Cook County asylum at Dunning, where he died, September 19, 1905. There is a controversy in the evidence upon the question of the assent of Josef Pisa to being placed in the asylum. Josefina Pisa was displeased with this action of appellants. She remained at the home of appellants about a month after the transfer of her husband to the asylum, and then left appellants' home.

In June 1905, Josef Pisa, after demand made upon appellants for the old certificate, took out a new certificate making his wife Josefina the beneficiary. Appel-

lants had no knowledge of this and continued to pay the dues and assessments up to the time of Josef Pisa's death.

Appellants and appellee Josefina Pisa each claimed the amount due on the certificate. The appellee Lodge filed this bill of interpleader and offered to and did bring the money into court, and the claimants answered, setting up their respective claims to the fund.

The Superior Court in its decree found that appellants were not members of the family of Pisa at his death, nor were they heirs, blood relations, affianced husband or affianced wife of, or persons dependent upon Pisa; that on June 15, 1905, a new certificate was issued to Pisa by complainant according to the laws of the order for $1,000, payable on death of Pisa to Josefina Pisa, his wife; that appellants from May 15, 1900, up to one month before the death of Pisa, regularly paid the assessments and dues for Pisa; that the certificate issued to appellants was void because made to beneficiaries outside of any of the classes provided by statute; that the consideration alleged by appellants for being designated by Pisa as beneficiaries was too vague, indefinite and uncertain and that the last certificate issued June 15, 1905, was properly issued; that appellants have an equitable lien upon the fund to the extent of the dues and assessments paid by them, with interest thereon amounting to $130; that the funeral expenses, $112.50, and $50 solicitors' fees should be deducted from the fund. It decrees therefore that out of the $1,000 complainant retain the funeral expenses, solicitors' fees and court costs, and pay the balance $825.25 into court, out of which the clerk shall pay to appellants $130 and the remainder $695.25 to Josefina Pisa.

The decree is brought here for review by this appeal.

CHARLES D. LUSK, for appellants.

CHARLES A. CHURAN, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

Many questions are discussed in appellants' brief and argument which, in the view we take of the case, it is unnecessary for us to consider or determine. The main position of appellants is that the contract made by them with Pisa was a valid contract and that it was substantially performed by them; that the consideration paid by them was of such a character that it was necessarily paid and accepted as time elapsed. It could not be tendered back, and in such case equity will not forfeit the amount of the consideration paid, when inevitable necessity caused a temporary suspension of the services being rendered.

This contention, however, as to the validity of the contract for board and lodging, and the consideration which the performance of it affords, does not appear to us to be material for the reason that all that appellants claim in that regard may be conceded, and still it would not follow that appellants acquired any right to have the certificate designating them as beneficiaries maintained, or that Pisa could not at any time thereafter make a new designation of another proper beneficiary under the laws of the order and the statute. Nor would it follow that appellants at any time acquired a lien upon the certificate or the fund payable under it on the death of Pisa.

As said in Kirkpatrick v. Modern Woodmen of America, 103 Ill. App. 468-473: "A benefit certificate in a society of this character differs from an ordinary policy of life insurance in that it speaks with reference to the conditions existing at the time of the death of the member whose life has been insured by it. A beneficiary named in a certificate of a fraternal benefit society, organized under the statutes of the State of Illinois or like statutes of other states, has no vested interest in such certificate or in the fund provided for its payment, until the decease of the member whose death matures the certificate. The constitution

and by-laws of the society and the statutes of the state must be construed with reference not only to the terms of the certificate, but the status of the parties existing at the date of the death. Delaney v. Delaney, 175 Ill. 187; Voigt v. Kersten, 164 Ill. 314; Baldwin v. Begley, 185 Ill. 180; Order of Railway Conductors v. Koster, 55 Mo. App. 186; Union Mutual Ass'n v. Montgomery, 70 Mich. 587; Tyler v. Odd Fellows Mutual Relief Ass'n, 145 Mass. 134."

Josef Pisa became a member of the appellee society on February 9, 1895. In November, 1900, the certificate was revoked and a new certificate was issued, designating appellants as beneficiaries. June 15, 1905, Josef Pisa caused a third certificate to be issued, designating appellee Josefina Pisa as beneficiary.

On June 22, 1893, a statute relating to and governing the class of societies to which complainant belongs went into force in this state, whereby it was provided that "payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife, of or to persons dependent upon the member, and such benefits shall not be willed, assigned or otherwise transferred to any other person." Hurd's Revised Statutes of 1893, chap. 73, sec. 258. But it cannot be claimed with reason that there is anything in the above statute that prevented Pisa from appointing another beneficiary in the place of appellants. Our attention has been called to no by-law of the society or provision of the contract with the society which prohibited a change of beneficiary at any time. The restrictions in the above cited statute are that benefits shall not be willed or transferred and that when a beneficiary is designated it must be one who is included within the terms of the statute. It is not claimed that appellee Josefina Pisa is not a person within its terms. She was the beneficiary at the date of death of Josef Pisa, and therefore must be considered as entitled to the fund in question by the terms of the certificate.

But it is urged that the new certificate was procured without the consent of appellants, and without a surrender of the old certificate. This, we think, is likewise immaterial. It is said in Niblack on Benefit Societies & Accident Ins. (2nd ed.), sec. 222: "A member and the society may during the life of the member, waive these requirements, and may agree upon a new beneficiary of the contract in any manner satisfactory to both parties." To the same effect is 1 Bacon on Benefit Societies & Life Ins., sec. 308; Splawn v. Chew, 60 Texas, 532; Martin v. Stubbins, 126 Ill. 387; Delaney v. Delaney, *supra;* Nat'l Aid Society v. Lupold, 101 Pa. St. 111.

In Delaney v. Delaney, *supra,* it is said: "It would seem to follow, as a necessary corollary from the doctrine that the certificate is a contract between the society and the member, and not between the member and the beneficiary, that the society and the member can modify or change their contract in any way satisfactory to themselves. An expectancy, which is the only interest held by the beneficiary prior to the death of the member, is not property, and therefore a change of the contract made by the society and the member together could not injure or affect in any way a property interest of the beneficiary."

We hold, therefore, that if the contract set up by appellants be admitted, and if its substantial performance by appellants be conceded, appellants thereby acquired no equitable or legal right to the certificate designating them as beneficiaries, or the fund from which it would be paid upon the death of Pisa. Appellants were not parties to any contract with the society. During the life of the certificate for their benefit they had only an expectancy, which is not property. Upon the change of the certificate made on June 15, 1905, and from that date to the death of Pisa, appellants did not even have an expectancy in the fund in question. Creditors of Pisa they may have been, but that question is foreign to the issue here, and we do not pass

upon it, but they show no equitable or legal right to the fund in court, and have no just complaint against the decree.

The decree of the Superior Court is affirmed.

*Affirmed.*