## LONGER *v.* CARTER.

### Opinion delivered January 8, 1912.

1. FRATERNAL INSURANCE—CHANGE OF BENEFICIARY.—Where a member of a fraternal benefit society has the right, under the by-laws of the order, to change the beneficiary, and does make a change in the manner prescribed by the laws of the order, no one but the society can question the eligibility of the person thus designated. (Page 76.)

2. SAME—RIGHT TO BENEFIT—WHO MAY QUESTION.—Where a fraternal benefit society denied any liability under a certificate issued by it, and there was a controversy between appellant and appellees as to who was entitled to the benefit thereof, an agreement between the three parties that the suit should proceed as if appellant was joined as party plaintiff with appellees, and that, if it should be found that the defendant, the society, was liable on the policy, the court should determine whether appellant or appellees were entitled to judgment, did not transfer to appellees the society's privilege of raising the question as to who was entitled to the benefit. (Page 76.)

3. SIGNATURE—AUTHORITY.—Signature by mark is not the only method by which an instrument may be signed by an illiterate, as he may authorize another to sign his name in his presence. (Page 77.)

4. INSURANCE—CHANGE OF BENEFICIARY—IRREGULARITY.—The fact that the name of the local lodge president was signed to an application for change of beneficiaries in a mutual benefit certificate without authority

was an irregularity merely, and could not be taken advantage of by the original beneficiary. (Page 77.)

5. SAME—CHANGE OF BENEFICIARIES—BURDEN OF PROOF.—In an action by the original beneficiary of a mutual benefit certificate against a substituted beneficiary and the benefit society, the burden is on the plaintiff to show that the certificate payable to the substituted beneficiary was obtained without authority from the insured. (Page 78.)

6. APPEAL AND ERROR—REVERSAL—DISPOSITION OF CASE.—It is only in exceptional cases at law that the appellate court renders final judgment on reversal or remands with directions to enter judgment; the general rule being to remand for a new trial. (Page 78.)

Appeal from Lawrence Circuit Court; *R. E. Jeffery,* Judge; reversed.

*W. A. Cunningham,* for appellant.

In a policy of the kind in question here, the beneficiary takes only an interest in expectancy, liable to be divested at any time at the will of the insured, and, in case of a change of beneficiary, the party originally named as such can not question the right of the beneficiary to whom the policy is changed to take thereunder. This question can only be raised by the supreme lodge or the insurer. 53 Ark. 262; 56 Ark. 62; 9 Am. St. Rep. 629; *Id.* 272.

*J. N. Beakley* and *McCaleb & Reeder,* for appellee.

1. There was never in fact a substitution of beneficiary in the policy. The insured did not sign the request for change of beneficiary. The signature appearing upon the policy can not legally be construed to be his signature nor a signature authorized by him. Where a party desires to sign or subscribe an instrument, and can not write, it is essential to the validity of the signature that he at least make his mark. Kirby's Digest, section 7799; 51 Ark. 48; 49 Ark. 18; 70 Ark. 449.

2. The rule that only the supreme lodge or the insurer could contest the validity of the change of beneficiary does not apply in this case. Under the agreement entered into by the parties, both sets of claimants were parties to the proceedings, and it was not necessary for the annuity company to raise the objection as to the regularity of the change of beneficiary. When all parties in interest are before the court and no possibility of a second recovery exists, the reason for the rule—the protection of the insurer—ceases to exist.

McCULLOCH, C. J. Antone Frankring became a member of the Loyal Fraternal Home, a fraternal insurance society, and had a benefit certificate or policy therein for the sum of $1,000, payable to his two children, Annie and Bertie Frankring. One of the by-laws of the society contained the following provision:

"Benefits shall be made payable only to families, widows, heirs, blood relatives, affianced husband or affianced wife, to persons dependent upon the member, or to the member for accidental injury, and to such others as may be permitted by the laws of the State of Missouri, and the beneficiary or beneficiaries shall be designated by the applicant in his application. Should a member in good standing desire at any time to change his beneficiary, he shall pay to the secretary a fee of fifty cents, and deliver to him his benefit certificate, with written surrender on the back thereof and directions as to the change desired and name of new beneficiary. The secretary shall then forward said certificate with the fee of fifty cents to the supreme secretary, who shall at once issue a new certificate as requested."

Subsequent to the issuance of said certificate to Frankring, the National Annuity Association, another corporation engaged in the same business, took over and assumed the obligations of the Loyal Fraternal Home. On September 19, 1908, Frankring signed a written application, in accordance with the laws of said association, for a change of beneficiary, offering to surrender the original certificate, and requesting therein the issuance of a certificate payable to appellant, Mary L. Longer, who was designated in said application as a "dependent." This application was forwarded to the national president, together with the surrendered benefit certificate, and that officer erased the names of the two beneficiaries originally designated therein, and inserted in the same place the name of appellant as dependent aforesaid, this change being attested by the signature of said officer and dated September 28, 1908. The certificate as thus changed was returned to the local secretary and delivered to appellant, who still holds it. Frankring died January 7, 1909, while still a member of said fraternity, and while said benefit certificate was outstanding in the hands of appellant, and an action was thereafter instituted against the National Annuity Association by the two children suing by their guardian, F. T. Carter, to recover the amount of said benefit. Appellant

appeared in that action, and asked to be made a party, which was done by consent of all parties. The National Annuity Association denied liability under the policy or benefit certificate on account of alleged misrepresentations of Frankring concerning his habits with reference to the use of intoxicating liquors and also with reference to past illness. While the cause was pending in the circuit court, and before the trial thereof, the three parties to the action entered into the following written agreement:

"It is hereby agreed by all the parties to this suit that the cause may proceed to trial as if Mary Longer was joined as party plaintiff; and if it is found that the defendant, the National Annuity Association, is liable upon the policy of insurance, the court shall determine which of the parties under the law and the evidence is entitled to a judgment; and it is further agreed that, if either party desires to do so, they may submit to the court additional evidence upon the question of the amount recovered."

The cause was tried by a jury, and the trial resulted in a verdict and judgment against the defendant in the action for the full amount named in the benefit certificate, and on appeal to this court the judgment was affirmed. *National Annuity Association v. Carter*, 96 Ark. 495. The judgment was rendered in favor of appellant, Mary Longer, and appellees, Annie and Bertie Frankring, and contained an order directing that the sum so recovered "be paid to the clerk of this court, to be held by him until the rights of Mary L. Longer and Francis P. Carter, guardian for Anna and Bertie Frankring, can be determined by this court." After the affirmance by this court, appellees filed an amended complaint, naming appellant and the National Annuity Association as defendants, alleging that they (appellees) were the daughters and sole heirs of Antone Frankring; that the original benefit certificate was payable to them, and that appellant, Mary Longer, is falsely and fraudulently asserting some rights to the benefit. Appellant filed her answer to this amended complaint, setting forth the aforesaid change of benefit certificate in her favor. The National Annuity Association made no further appearance in the suit, and, we assume, paid the amount of the benefit over to the clerk of the court in accordance with the judgment. The cause was tried before the court sitting as a jury, and the court found for ap-

pellees, and rendered judgment in their favor, awarding the amount of the benefit to them.

The benefit was subject to change according to the by-laws of the association, and appellees, as the original beneficiaries, had no vested interest therein. *Carruth* v. *Clausen,* 97 Ark. 50. It seems to be settled by the weight of authority that, where a member of a fraternal benefit society has the right, under the laws of the order, to change the beneficiary, and does make a change in the manner prescribed by the laws of the order, no one but the society itself can question the eligibility of the person thus designated, and the original beneficiary has no right to complain, even though the new beneficiary does not fall within the class specified by the laws of the order. In other words, that the society itself may waive the ineligibility of the designated beneficiary and that the original beneficiary, having no vested interest in the benefit, is not in position to complain. *Alfsen* v. *Crouch,* 115 Tenn. 352; *Coulson* v. *Flynn,* 181 N. Y. 62; *Maguire* v. *Maguire,* 59 N. Y. App. Div. 143; *Tepper* v. *Supreme Council of Royal Arcanum,* 61 N. J. Eq. 638; *Cowin* v, *Hurst,* 124 Mich. 545; *Knights of Honor* v. *Watson,* 64 N. H. 517; *Hoeft* v. *Knights of Honor,* 113 Cal. 91; *Supreme Lodge, etc.,* v. *Terrell,* 99 Fed. 330; *Taylor* v. *Hair,* 112 Fed. 913; *Martin* v. *Stubbings,* 9 Am. St. Rep. 629, 126 Ill. 387. That doctrine has been announced and adhered to by this court, and upon principle we entertain no doubt of its correctness. *Johnson* v. *Knights of Honor,* 53 Ark. 262; *McDonald* v. *Humphries,* 56 Ark. 63. In *Johnson* v. *Knights of Honor, supra,* there. was a controversy between the widow and the heirs as to which was entitled to the benefit, there being no designation further than that it should be paid to his heirs, and the widow contended that the heirs in that case were collateral kindred, had no insurable interest, and did not fall within the class of beneficiaries named in the laws of the order, and therefore could not take the benefit. Judge BATTLE, in disposing of the case, said this:

"It is contended that the brother and sister of Johnson are entitled to no part of the $2,000, because the constitution of the supreme lodge of 1884 limits the rights of a member of any lodge of the Knights of Honor to name beneficiaries in a certificate issued to him to the members of his family, or those

dependent on him, and they belonged to neither of these classes. But this question can be raised by no one except the supreme lodge, and it does not. By paying the money into court, it has expressed its willingness to have it paid to Johnson's heirs."

It is insisted that the rule above announced does not apply in this case, for the reason that the effect of the agreement of the parties in the action was to transfer to appellees the society's right or privilege of raising the question as to who was entitled to the benefit. We do not think that such is the effect of the agreement. By entering into this agreement and pleading other defenses, the society, in effect, waived its objection to the alleged ineligibility of appellant as the person named in the benefit certificate, and consented to the payment to her, if its liability under the certificate and the membership of Frankring should be established. Contesting the policy under those circumstances and under that agreement, we think, was the same as if the money had been paid into court for the benefit of the person whom the court should decide was entitled to it. The benefit certificate being payable to appellant, it established her right, *prima facie*, to collect the money, and no one but the society itself can complain. It has not done so, but, on the contrary, has elected to defend solely on other grounds.

It is also insisted that the change of the beneficiary was not valid, because the application was not signed by Frankring himself, the point being made that, as he was an illiterate, he could only sign by mark. Signature of an illiterate by mark is not the exclusive method by which an instrument may be signed by an illiterate. The undisputed testimony in the case establishes the fact that the name of Frankring was signed to the application by the local secretary in his presence. This was sufficient. It appears that the name of the local lodge president was signed to the application without authority. This was, however, only an irregularity, at most, which only the society itself could take advantage of. Moreover, there does not appear to be any requirement that the application for change of beneficiary shall be attested by the president of the local lodge.

It is apparent from the record in this cause that the appellant is entitled to the benefit, and the court erred in not awarding the amount to her. The judgment is therefore reversed, and the cause remanded with directions to enter judgment

in favor of appellant for the fund adjudged to be paid by the
National Annuity Association.

WOOD and HART, JJ., dissent.

ON REHEARING.

Opinion delivered February 5, 1912.

McCULLOCH, C. J.    There was an issue raised by the
pleadings as to whether Frankring, the assured, ever surren-
dered his original benefit certificate or authorized the change so
as to make it payable to appellant.    The only testimony on the
subject was the written application for the change and the
benefit certificate itself, and the testimony of Pinchback, the
secretary of the local lodge, who stated that he signed Frank-
ring's name to the application at the latter's request, and that
when the changed certificate was returned to him by the national
president, he delivered it to Frankring.    The trial court
made no special finding, but found generally that appellees were
entitled to the fund.    It is contended that the court refused
to credit Pinchback's testimony and found that the certificate
was changed without authority from Frankring, and that we
should not disturb the finding.    The burden was on appellees
to show that the certificate payable to appellant was obtained
without authority from Frankring.    The testimony of Pinch-
back was undisputed, and the court could not arbitrarily dis-
regard it.    We must assume that the court did not disregard
it, but decided against appellant on the ground that she was not
within the class of beneficiaries specified in the laws of the order,
and for that reason was not entitled to the fund.

Counsel for appellees again insist on the alleged insufficiency
of appellant's abstract.    That contention was not mentioned
in the original opinion, but we considered it and concluded
that the abstract was sufficient to comply with the rules of
this court.

Appellees ask that the judgment be modified so as to re-
mand the case for a new trial on the issue as to whether Frank-
ring authorized or ratified the change of his benefit certificate.
They say that they can bring forward other testimony bearing
on that issue sufficient to warrant a finding in their favor.    It
is only in exceptional cases at law, when the proof is fully devel-

oped and there can be no recovery, that this court renders final
judgment here on reversal, or remands with directions to enter
judgment.   The general rule is to remand for a new trial.   The
judgment of this court will, therefore, be modified so as to re-
mand the case for a new trial on the issue indicated above.