FARROW v. GRAND UNITED ORDER OF ODD FELLOWS, DIST. GRAND LODGE No. 21

(March 2, 1931. Opinion and Decree.)

Martin, Woods & Woods, of Lutcher, attorneys for plaintiff, appellee.

J. V. Chenet, of Mt. Airy, attorney for defendant, appellant.

HIGGINS, J. This is a contest between the brother and the wife of a deceased member of a fraternal accident and benefit association. Plaintiff, the widow of Louis Farrow, brings this action against the Grand United Order of Odd Fellows, District Grand Lodge No. 21, to recover the sum of $500 alleged to be due under a policy dated June 26, 1918, covering the life of her husband.

Defendant answered admitting the issuance of the policy and that it was in full force and effect at the time of Farrow's death on November 22, 1928, but averred that the deceased, by a notarial act dated November 16, 1928, had named his brother, Valsin Farrow, as beneficiary in lieu of his wife, who was the original beneficiary; that it was a mere stakeholder, ready and willing to pay $500, the face value of the policy, to whomsoever the court should decide was entitled to it; that Valsin Farrow should be made a party to the suit.

Thereafter Valsin Farrow intervened and claimed the proceeds of the policy.

The judge, a quo, dismissed the intervention and gave judgment in favor of the plaintiff and intervener has appealed.

Since the appeal was lodged in this court, intervener died and his daughter, Albertha Farrow, wife of Olive Bolden, having been recognized as his sole heir, was made a party to the proceeding in lieu of her deceased father.

On the trial below the plaintiff offered in evidence the death benefit certificate, the constitution and by-laws of the society, and proved that plaintiff was the lawful wife of the deceased and the same party named as beneficiary in the original certificate and then rested.

Intervener then offered in evidence the alleged notarial act purporting to change the beneficiary and established by the testimony of witnesses that Farrow, on November 16, 1928, in the presence of a notary public and two witnesses on a form furnished by the society, executed a change of beneficiary from his wife, to his brother; that this document was mailed to the Grand Master of the society, but was not received by him until after the death of

the insured on November 22, 1928; that *no new policy was issued;* that the original policy was in the possession of Farrow's wife, who had been residing in the state of Mississippi and living separate and apart from her husband, during the last six years of his life, but who was present at his bedside, during the last several days of his illness, that it was impossible for the insured or intervener to surrender the policy at the time the written change of beneficiary was forwarded to the society, as it was at the home of plaintiff in Mississippi.

The claim of the brother is resisted upon the ground that the change in beneficiary from the wife to him was not made in accordance with the statute law of this state and/or the charter and by-laws of the benefit association, for the reason that the policy was not surrendered at the time of the attempted change and the sum of $1 was not forwarded as required by the by-laws.

Section 6 of Act No. 256 of 1912, after declaring who may be beneficiaries in policies issued by fraternal associations, among whom are included both the wife and brother, recited:

"Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in said benefit until the same has become due and payable upon the death of said member; provided, that any society may, by its laws, limit the scope of beneficiaries within the above classes."

Section 2 of the by-laws of the society reads as follows:

"Whenever a member desires to change the names of beneficiaries he must forward his policy with the name or names of the intended beneficiary or beneficiaries inserted at the proper place and have same attested to. For this change he must enclose 50 cents." (This was later changed to $1.)

It is clear that the insured had the right to change the beneficiary at any time, provided that the new beneficiary was one of those eligible under the provisions of the statute. It is also obvious that plaintiff's interest as beneficiary was contingent and could only be a vested interest upon the death of the insured, assuming no change had been made.

While it is true that the law requires that a party wishing to change the beneficiary must comply with the by-laws of the society in order to effect a change of beneficiary, the courts have uniformly recognized an exception when it is beyond the power of a party to literally comply with the regulations by surrendering the original certificate.

In the instant case the evidence shows that the policy was in the possession of the wife at her home in Mississippi, and therefore it was *impossible to surrender it* at the time of the attempted change.

The great weight of authority appears to be that the original beneficiary cannot defeat the change of beneficiary by refusing to surrender the policy, and that the insured is entitled to have the change of beneficiary effected if it is beyond his control to surrender the policy where he has substantially complied with the by-laws of the order.

"If for any reason beyond the control of the insured, surrender of the policy is im-

possible, the failure to surrender it will not invalidate the change of beneficiary." 7 Cooley's Briefs on Insurance, p. 6453; 40 Cyc. 199; Supreme Council, Royal Arcanum v. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966, etc., etc.

"So the original beneficiary, in whose possession the certificate is, cannot defeat the change by refusing to surrender the certificate." 7 Cooley's Briefs on Insurance, p. 6453. Delaney v. Delaney, 175 Ill. 1877, 51 N. E. 961, affirming 70 Ill. App. 130; Allgemeiner Arbeiter Bund v. Adamson, 132 Mich. 86, 92 N. W. 786; Lahey v. Lahey, 174 N. Y. 148, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. Rep. 554, affirming 66 App. Div. 623, 73 N. Y. S. 1138; Cade v. Head Camp, Pacific Jurisdiction Woodmen of the World, 27 Wash. 218, 67 P. 603; Modern Brotherhood of America v. Matkovitch, 56 Ind. App. 8, 104 N. E. 795; Holden v. Modern Brotherhood of America, 151 Iowa, 673, 132 N. W. 329; Modern Brotherhood of America v. Hudson, 194 Mich. 124, 160 N. W. 406; Polish National Alliance v. Nagrabski, 71 N. J. Eq. 621, 64 A. 471, etc., etc.

"There it was held in Sarver v. Vaughn (Tex. Civ. App.) 261 S. W. 193, that the provision relating to the surrender is directory only and designed to protect the association."

"In Hull v. Hull, 204 Mich. 530, 170 N. W. 642, it was held that, if the insured endorsed on the forms sent him a change of beneficiary, and had them witnessed and sent to the insurer, which acknowledged receipt, but stated its inability to complete the change because of the insured's failure to send the duly endorsed certificate, which was sent after his death, the change was complete so far as the beneficiaries were concerned."

"It has been held in Delaware that the failure of an insured to deliver the policy while attempting to change the beneficiary will not prevent the new beneficiary from recovery as equitable assignee."

O'Donnell v. Metropolitan Life Insurance Company, 11 Del. Ch. 4, 95 A. 289.

"Restrictions in laws of beneficial Society or to methods of changing a beneficiary are matters of contract between it and the insured (Supreme Court, Order of Patricians v. Davis, 129 Mich. 318, 88 N. W. 874), and though a change of beneficiary must be made in accordance with the laws of the society, yet when the change is made substantially as provided by the laws to its satisfaction and that of the insured, the first beneficiary cannot object to the manner of change, because it was not made on strict conformity to the laws of the Society." 7 Cooley's Briefs on Insurance, p. 6465; Supreme Lodge, Order of Golden Chain, v. Terrell (C. C.) 99 F. 330; Depee v. Grand Lodge of A. O. U. W., 106 Iowa, 747, 76 N. W. 798; Manning v. Ancient Order of United Workmen, 86 Ky. 136, 5 S. W. 385, 9 Ky. Law Rep. 428, 9 Am. St. Rep. 270; Fischer v. Malchow, 93 Minn. 398, 101 N. W. 602; Earley v. Earley, 23 Ohio Cir. Ct. R. 618; Pennsylvania R. Co. v. Wolfe, 203 Pa. 269, 52 A. 247; Schardt v. Schardt, 100 Tenn. 276, 45 S. W. 340, and a full page of other decisions.

"Failure of a member to comply strictly with the laws of a fraternal benefit association in making change in the beneficiary of his certificate can be asserted only by the association." Jones v. Holmes (Tex. Civ. App.) 195 S. W. 306; Cooley's Briefs on Ins., vol. 7, p. 6466.

That a member has a right to change a beneficiary without the surrender of the old certificate has also been held in Ptacek v. Pisa, 134 Ill. App. 155, affirmed 231 Ill. 522, 83 N. E. 221, 14 L. R. A. (N. S.) 537; Dell v. Varnedoe, 148 Ga. 91, 95 S. E. 977.

See also McDonald v. McDonald, 212 Ala. 137, 102 S. 38, 36 A. L. R. 761, annotated; 14 R. C. L. 1396; 3 R. C. L. Supp. 395; 19 R. C. L. 1297; Kimbal v. National Life & Accident Ins. Co., 8 La. App. 228.

The failure to forward the sum of $1 for the issuance of the new policy would not defeat intervener's right, because this payment was for the purpose of issuing a

new policy and such a new policy was never issued, and it further appears that this provision in the by-laws was solely for the protection of the society, and we believe that the original beneficiary is not entitled to interpose this defense.

"Actual change in a policy of life insurance, is not necessary to effect a change of beneficiary." 14 R. C. L. 1390; 3 R. C. L. Supp. 394; 19 R. C. L. 1295.

"The rule requiring the surrender of the old policy, and indeed most of the rules of procedure in effecting a change of beneficiaries, are intended only for the benefit of the association and may, therefore, be waived by it." (Numerous cases cited.) 4 Cooley's Briefs on Insurance, p. 3772.

"A right cannot be considered a vested right unless it is something more than such a mere expectancy as may be based upon an anticipated continuance of the present general laws; it must have become a title, legal or equitable, to the present or further enjoyment of property." Cooley, cited in 40 Cyc. 199.

In Cooley's Briefs on Insurance (2d Ed.) p. 6461, we read:

"The rule requiring the surrender of the old certificate, and indeed most of the rules of procedure, in effecting a change of beneficiaries are intended only for the benefit of the association and may, therefore, be waived by it." Citing: Adams v. Grand Lodge, A. O. U. W., 105 Cal. 321, 38 P. 914, 45 Am. St. Rep. 45; Delaney v. Delaney, 175 Ill. 187, 51 N. E. 961; Simcoke v. Grand Lodge, A. O. U. W., 84 Iowa, 383, 51 N. W. 8, 15 L. R. A. 114; Manning v. Ancient Order of United Workmen, 86 Ky. 136, 5 S. W. 385, 9 Am. St. Rep. 270; Schoenau v. Grand Lodge, 85 Min. 349, 88 N. W. 999.

"The provision of the regulations of the War Risk Insurance Bureau that no change of beneficiary shall be valid unless and until it is recorded in the bureau is for the protection of the government, and may be waived by it." Farley v. U. S. (D. C.) 291 F. 238, 239.

Counsel for the plaintiff, in his brief, asks that in the event the judgment of the lower court be reversed, the case be remanded for the purpose of giving plaintiff an opportunity of offering evidence tending to show that the deceased was not mentally or physically able to execute the change of beneficiary under which the intervener is claiming.

The record shows that after the plaintiff had established a prima facie case and intervener had offered his evidence, our learned brother below, being of the opinion that the intervener had failed to make out a case, decided the matter without giving the plaintiff an opportunity to rebut intervener's evidence and to establish any special defense that the plaintiff might have.

At the same time, we note that counsel for the intervener also request that the case be remanded to give intervener an opportunity of producing additional evidence to support his claim that the by-laws of the society were properly observed in effecting a change of beneficiary.

Having come to the conclusion that the judgment should be reversed, we believe that the case should be remanded in order to afford both parties litigant an opportunity to produce such additional evidence as the pleadings may warrant.

For the reasons herein assigned it is ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and it is now ordered that this case be remanded to the Twenty-Third judicial district court for further proceedings according to law and not inconsistent with the views herein expressed.