MARY B. SMITH, RESPONDENT, *v.* PEOPLE'S MUTUAL BENEFIT SOCIETY, APPELLANT.

*Assessment insurance — policy incontestable after one year — violation of by-law as to party insured — estoppel — waiver — an equitable judgment.*

A policy or certificate of insurance was issued in favor of a son-in-law of the insured by an assessment insurance company, one of whose by-laws provided that the beneficiary must be the husband, wife, family, heirs, legal assignee or creditor of the insured person.

The policy contained a condition that the same should be incontestable by the company after one year from its date.

The son-in-law, while the risk was existing, with the knowledge and assent of the company, assigned the policy for a past debt to one Smith, who brought an action at law for damages for a breach of contract, demanding judgment for the amount payable on the death of the insured, who died three years after the policy was issued.

*Held,* that, as the company had issued the certificate in the first instance to one whom they knew to be the son-in-law of the insured, they were estopped from setting up the by-law apparently forbidding an issue thereof to such a person.

That as the assignment to Smith was made without fraud as to the company, and with its knowledge and consent, it could not now object thereto.

That the provision that the policy should be incontestable after one year cut off such defenses.

That the proper judgment to be given must be equitable in its nature, directing that the claim of the plaintiff be included in a " pool " forming at the time of the entry of judgment herein, and that from it this claim should be paid.

APPEAL by the defendant, the People's Mutual Benefit Society, from a judgment of the Supreme Court, entered in favor of the plaintiff in the office of the clerk of Cayuga county on the 10th day of February, 1891, after a trial before the court, a jury being waived pending the trial.

*Walter S. MacGregor,* for the appellant.

*Colburn & Hunter,* for the respondent.

Macomber, J. :

On the 8th day of April, 1886, Patrick Ryan made application to this defendant, which was then known as and which bore the name of the Old People's Mutual Benefit Society, for a policy of insurance upon his life for the benefit of one John Driscol, his son-in-law. Accordingly, the defendant, under the name of the Old People's Mutual Benefit Society, issued a policy of insurance to the applicant, by which the defendant "insured the life of Patrick Ryan for a sum not to exceed four-fifths of the amount collected from one assessment on all the members in this class, provided always that in case death shall occur within ninety days from the date of this certificate the amount paid hereon shall not exceed the sum paid in by the insured, with an addition of ten per cent of the same. If death occurs after ninety days and within one year from the date hereof, the sum paid hereon shall not exceed one thousand dollars. If death occurs after one year and within two years from the date hereof, the sum paid hereon shall not exceed two thousand dollars. If death occurs after two years and within three years of the date hereof, the amount paid hereon shall not exceed three thousand dollars. If death occurs after three years the amount paid hereon shall not exceed four thousand dollars. The sum to be paid in accordance with the rules and regulations of the society to John Driscol, son-in-law of the assured; or said beneficiary's heirs, administrators or assignees, within ninety days after due notice and proofs of death have been filed at the home office of the society."

The policy or certificate contained a condition that the same shall be incontestable by the company after a year from its date.

Among the by-laws of the defendant (§ 17), it is provided that the beneficiary must be husband, wife, family, heirs, legal assignee or creditor of the insured person.

On the 14th day of October, 1886, for a past consideration, John Driscol assigned to the plaintiff in this action, all his title and interest in the certificate or policy. The plaintiff was neither a member of the family of Ryan nor related to him in any way, nor

had he any insurable interest in his life. But it is proved, and found by the learned court, that the assignment from Driscol to the plaintiff was made with full knowledge and assent of the company. The proof is satisfactory that John Driscol paid the assessments which were levied up to the time of the assignment to the plaintiff, and that thereafter the plaintiff herself made such payments in due time.

In our judgment, it does not make any difference whether the original payee in the policy, John Driscol, was a person who came within the number of those mentioned in the by-laws, for whose benefit the policy might be taken out, because the company knew that the relationship to the applicant for insurance was only that of a son-in-law. The company should be estopped to assert afterwards that the policy was void for any such reason, because it is not a case of deception practiced by the applicant for insurance, nor is it a case of mutual mistake on the part of the parties to the contract. The action of the company in issuing the policy was clearly a waiver of any by-law or limitation which may have existed in the rules governing its action.

The assignment to the plaintiff is shown to have been with full knowledge and consent of the defendant. No fraud is shown to have been practiced by the applicant, and it seems to us that objection to the payment of the claim now made for the amount due upon the certificate is untenable. The policy having been issued with full knowledge that the beneficiary was a son-in-law of the insured without bearing any other relationship to him, and the assignment having been made with the full knowledge and consent, not to say the direction, of the defendant, and as by the terms of the policy no contest after one year can be made, it seems to follow with reasonable certainty that the plaintiff is entitled to recover the judgment which was pronounced at the circuit. This decision is fully borne out in the case of *Wright* v. *Mutual Benefit Association* (118 N. Y., 237). We concur in the opinion of the learned justice pronounced at the circuit, where he says: " It has been held in many cases that where the policy provided that in case of death the policy was to be paid by assessments upon its members, nevertheless an action at law could be maintained for damages upon a broken contract to make such assessment, upon showing facts from

which the jury could ascertain what such assessment would probably have brought. It has been held under such policies that the plaintiff has either his legal remedy for damages upon a violated contract or an equitable remedy to compel the making of assessments, or the specific performance of the contract of insurance." (*O'Brien* v. *Home Benefit Society*, 117 N. Y., 318.) We further concur with the learned justice that the proper judgment to be pronounced was of an equitable nature, directing that the claim of the plaintiff be included in the pool forming at the time of the entry of the judgment herein, and that the defendant pay to the plaintiff the sum realized upon such assessment upon the plaintiff's claim, not exceeding the sum of $3,000.

If these views are correct, it follows that the judgment appealed from should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment appealed from affirmed, with costs.