THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED
WORKMEN OF MAINE

*vs.*

IRENE R. CONNER, et als.

Somerset.    Opinion June 13, 1917.

*Fraternal associations. By-laws and regulations. Who may be made beneficiaries. How the same shall be governed. Rule where beneficiary named in policy is not in a certain designated class.*

1. The constitution and laws of a fraternal beneficiary association enter into, and form a part of, its benefit contracts; and in the absence of waiver, or statutory limitation, the rights of all claimants of a benefit depend upon the contract between the association and the member, in which is embodied the constitution and laws of the association.

2. A person, not within any of the classes named in the by-law of the association to which the designation of beneficiaries is confined, cannot be legally designated a beneficiary.

3. When a statute limits the classes which may be made beneficiaries by a fraternal beneficiary association, the association may limit its benefactions to a part only of the classes named in the statute, or to a part of one class.

4. The phrase in the by-law of a fraternal beneficiary association, "if all the beneficiaries shall die during the lifetime of the member" means beneficiaries designated in accordance with the laws of the association.

5. When the by-law of a fraternal benefit association provides that in case a legally designated beneficiary dies, and the member has made no other legal designation, the benefit is payable to his heirs, upon his death, their right to the benefit becomes vested. Their right grows out of the contract, and they may contest the asserted right of an illegally designated beneficiary.

6.   When a fraternal beneficiary association files a bill of interpleader against contesting claimants of a benefit, it waives any defenses it may have against paying the benefit to someone, but it does not, and cannot, waive the rights of the contestants.

7.   If a fraternal beneficiary association may waive its by-laws, and, by continuing to receive assessments and in other ways recognizing a designation of a beneficiary as a legal one, validate an illegal designation, the principle would not apply in case the association had no knowledge of the illegality of the designation until after the member's death.

8.   In this case, the heirs of the member are entitled to the fund.

Bill of interpleader to determine the rightful owners of a certain death benefit fund. At the close of the testimony, it being the opinion of the Justice presiding that questions of law involved in the above case were of sufficient importance to justify the same and the parties agreeing thereto, this cause was reported to the Law Court upon the bill, answer of Hattie E. Williams, and so much of the evidence as was legally admissible, the Law Court to determine the legal and equitable rights of the parties.   Decree in accordance with opinion.

The case is stated in the opinion.

*Walton & Walton,* for plaintiff.

*Charles O. Small,* for James H. Welch, Hattie E. Williams, Charles Collins and Frank Welch.

*George C. Webber and Ballard F. Keith,* for Irene R. Conner.

*W. H. Powell,* for Ernest A. Welch, and Louvie Spencer.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, MADIGAN, JJ.

HANSON, J.   This is a bill of interpleader brought to determine to whom belongs a death benefit which was payable upon the death of Andrew J. Welch, who in his lifetime was a member of the plaintiff order.   The defendant, Irene R. Conner, is the person named as beneficiary in Welch's benefit certificate.   The other defendants are Welch's heirs.   The fund was brought into court, and Mrs. Conner and the heirs were ordered to interplead, and have done so.   The case comes before this court on report.

The Supreme Lodge of the Ancient Order of United Workmen is a fraternal beneficiary order of national jurisdiction.   Under it, and subject to its control and its laws, are Grand Lodges, which have a

limited jurisdiction over the membership in limited areas, usually, single States. Grand Lodges have separate jurisdiction to collect moneys on death benefits, and to disburse them to beneficiaries. The classes of beneficiaries for whom benefits may be provided by Grand Lodges are limited, first, by the statutes of the State where the Grand Lodge exists, and, secondly, by the law of the Supreme Lodge, which declares that beneficiaries must "be of the class described in its General Law." The General Law referred to provides as follows:— "Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall, in every instance, be one or more members of his family, or someone related to him by blood, or who shall be dependent upon him."

In 1882, Welch became a member of the order in a subordinate lodge in Old Town, Maine. Upon his application, the Grand Lodge of Massachusetts, which then had jurisdiction over the lodges in Maine, issued to him a benefit certificate, payable upon his death to his wife. Subsequently his wife died. And in 1890, he surrendered the first certificate in the manner required by the laws of the order. Upon his application, the Grand Lodge of Massachusetts issued to him a new benefit certificate payable to Nettie J. Richardson, who he declared was his daughter. In fact, Mrs. Richardson was not his daughter, nor in any way related to him by blood. Nor had she been legally adopted by him. She was his niece by marriage, the daughter of his deceased wife's sister. She had, however, been brought up by him as a daughter from early childhood. She had married before her aunt's death, and at the time the certificate was issued was living with her husband in her own home. And it seems that at that time, the only persons who could be designated as beneficiaries, under the by-laws of the Grand Lodge of Massachusetts were "wives, children, affianced wives, blood relatives, and persons dependent upon the member."

In 1901, the Grand Lodge of Maine was created by the Supreme Lodge. It had jurisdiction over the members of all lodges in Maine. It collected the benefit funds and paid the death benefits in Maine. By virtue of the Supreme Lodge law creating it, it became liable to pay the death benefits of all members of lodges in Maine who should die thereafter. The members were privileged to surrender the benefit certificates which had previously been issued to them by the Grand Lodge of Massachusetts, and receive new ones from the Grand Lodge

of Maine. But whether they did so or not, the Grand Lodge of Maine, and not the Grand Lodge of Massachusetts, was thereafter responsible.

In 1904, Mr. Welch surrendered his Massachusetts certificate and received a new one from the Grand Lodge of Maine payable to Nettie J. Richardson, described therein as "daughter." In 1906, he surrendered that certificate, as by the laws of the order he had a right to do, and received a new certificate payable to Irene Richardson, now Mrs. Conner, who was therein described as "granddaughter." In 1908, wishing to reduce the amount of the benefit, he surrendered that certificate and received a new certificate for a reduced amount payable like the former to Irene Richardson described as "granddaughter." And it is with this last certificate that we are chiefly concerned in this case. He died in August, 1914, never having made any other change. Neither the Grand Lodge of Massachusetts, nor the Grand Lodge of Maine, had knowledge that Mrs. Richardson was not his daughter, nor that Mrs. Conner was not his granddaughter, until after his death. Nor did Mrs. Conner know that her mother had never been legally adopted until this controversy arose.

The statute of Maine in force all of the time since 1897, and now R. S., (1916), Chap. 54, Sec. 1, provides that, "payments of death benefits," in fraternal beneficiary orders, "shall be to the families, heirs, blood relatives, adopted children, adopting parents, affianced husband or affianced wife of, or to persons dependent upon, the member." The by-law of the Grand Lodge of Maine from 1901 to the present time, prescribing who may be beneficiaries, is as follows: "The beneficiary, together with his or her relation to the member, shall be named in the beneficiary certificate, and shall be confined to the wife, children, child by legal adoption, such adopting parents, affianced wife, blood relatives of, or a person or persons dependent upon him." It is also provided by the by-laws that "if all the beneficiaries shall die during the lifetime of the member, and he shall have made no other legal designation, the benefit shall be paid to his widow, if living at the time of his death; if he leaves no widow surviving him, then said benefit shall be paid, share and share alike to his children, the grandchildren living at the time of his death to take the share to which their deceased parents would be entitled if living; if there be no children or grandchildren of the deceased member living at the time of his death, then said benefit shall be paid to his mother if living;" if

not, then to his father, "and should there be no one living at the death of the member entitled to said benefit under the provisions hereof, then the same shall be paid to his legal heirs."

Mrs. Conner claims the fund as the designated beneficiary. The other defendants claim it as heirs. They say that since 1890, after the death of Mrs. Welch, the first beneficiary, there has never been any legally designated beneficiary, that no one is now living other than themselves, entitled to the fund under the by-laws which we have recited, and therefore that the fund should be paid to·them. Mrs. Conner replies that the heirs have no such relation to the fund as entitles them to be heard on the question whether she is legally entitled to the fund. Her contention is that the plaintiff by filing its bill of interpleader, bringing the money into court and submitting its disposition to the determination of the court has waived all the defenses which it might have made, and admits its liability; that she was a member of Mr. Welch's family, and that as such member the order had statutory authority to recognize her as a beneficiary: that being a member of the family, whether she was so connected with the family as to come within the limitations of the by-law, or not, was a matter solely between her and the society, that the society could waive the by-law, and that the heirs could be privy to the situation only on the condition that she as the named beneficiary had died before Mr. Welch's death, and he had made no other legal designation. She says, that as the conditions did not come to pass, the heirs have no interest.

We will first notice this last contention. Counsel for Mrs. Conner has cited many cases in which the courts have held that heirs and other persons not privy to the contract cannot contest the right of a named beneficiary to receive the benefit, and that the society by paying the money into court on a bill of interpleader waived any objections to payment to that beneficiary. But in most if not all of the cases cited the by-laws of the societies were essentially different from the one in this case. It is settled law that the constitution and laws of a fraternal beneficiary association enter into, and form a part of, its benefit contracts. Primarily, and in the absence of waiver, or statutory limitation, the rights of any and all parties to the benefit depend upon the contract, in which is embodied the constitution and laws of the association. *Grand Lodge A. O. U. W.* v. *Edwards,*

111 Maine, 359; *American Legion of Honor* v. *Smith*, 45 N. J. Eq., 466. The rights of the heirs in this case arise from the contract.

To say that the heirs could have no standing without showing that Mrs. Conner died during the lifetime of Mr. Welch assumes that Mrs. Conner was a legal beneficiary, and begs the question. The phrase in the by-law, "if all the beneficiaries shall die during the lifetime of the member" unquestionably should be construed as meaning legal beneficiaries. It cannot be supposed that the order intended to recognize the status of illegal beneficiaries. Mr. Welch at one time had a legal beneficiary, his wife. She died during his lifetime. Then, in accordance with the by-law, if he made no other legal designation, that is, designation in accordance with the laws of the order, under certain contingencies the benefit would be payable to his heirs. Upon his death, their right to the benefit, if they had any, became vested. They then had the right to show that Mr. Welch had made no other legal designation, and that the contingency had happened which entitled them to the fund. *Supreme Lodge N. E. O. P.* v. *Sylvester*, 116 Maine, 1. Nothing which the order could do could deprive them of this right. The order might indeed waive any defenses it had against paying the fund to any one. By filing its bill it admits a liability to someone. But it could not waive any vested rights which the heirs have.

The vital question then is whether Mrs. Conner was a legally designated beneficiary. She is not within any of the classes named in the by-law, to which the designation of beneficiaries is "confined." But Mrs. Conner contends that she is within one of the classes named in the statute to which payments "shall be" made, namely, "families." She says she was of Mr. Welch's family, and, therefore, that he could legally designate her as his beneficiary, The evidence, we think, tends to show that at the time this certificate was issued and afterwards, Mrs. Conner was not a member of Mr. Welch's family, but rather that for a short time he was a member of her family. But waiving this, we think the legal point is not well taken.

Although the statute says that benefits "shall be" paid to certain classes of beneficiaries, it does not mean that fraternal benefit societies may not limit their benefactions to a part only of the classes named in the statute, or to a part of one class. The statute limits the classes to whom benefits may be paid. The societies cannot go outside those classes, but they are not obliged to make beneficiaries

of all persons within those classes. They may limit them. This plaintiff, by its by-law, undertook expressly to limit the term "families" to wives and children, and "adopted children," to children "by legal adoption." It omitted "affianced husbands." We think it had a right to make these limitations, and that its law to this effect controlled the rights of the member, Welch, and of the beneficiary whom he designated. The case of *Massachusetts Catholic Order of Foresters* v. *Callahan*, 146 Mass., 391, is much relied upon by Mrs. Conner, on this question. But that case does not help. The statute empowered the order to make "relatives" of the member beneficiaries. But the society had not expressly limited the classes to whom benefits might be paid. A mother was held to be a proper beneficiary, although the society's constitution stated its "object" to be to make "suitable provision for the widow and the orphan."

There are cases which hold in effect that a fraternal society may waive its by-laws, and by continuing to receive assessments, and in other ways recognizing the designation as a proper one, may validate a designation of a beneficiary who is not entitled to be one. However this may be, the principle does not apply in this case. The plaintiff order had no knowledge of the untruth of the designation until after Mr. Welch's death. It did not waive what it did not know. *Marcoux* v. *Society, etc., St. John Baptist*, 91 Maine, 250.

We hold that Mrs. Conner was not a legally designated beneficiary, that is, she was not a beneficiary designated in accordance with the laws of the plaintiff society, and that the fund should be paid to the defendant heirs. Doubtless this result will not carry out the wishes of Mr. Welch. But we cannot concern ourselves with his wishes. We must give the legal effect to the contract.

A decree in accordance with the opinion will be entered by a single Justice.

*So ordered.*