HOME MUTUAL BENEFIT ASSOCIATION v. KELLER.

Opinion delivered April 25, 1921.

1. INSURANCE—"INSURABLE INTEREST."—An insurable interest in the life of another is such an interest arising from the relations of the party obtaining the insurance, either as creditor, or as surety for the assured, or from the ties of blood or marriage to him, as will justify a reasonable expectation of advantage or benefit from the continuance of his life.

2. INSURANCE—"INSURABLE INTEREST."—A son-in-law has no insurable interest in the life of his father-in-law by reason of the relationship merely, nor because the father-in-law had loaned him money, and was kindly disposed toward him.

3. INSURANCE—STATUTE CONSTRUED.—Crawford & Moses' Dig., § 6068, pertaining to the regulation and incorporation of fraternal benefit societies has no application to mutual benefit societies having no lodge system of government.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; reversed.

STATEMENT OF FACTS.

I. T. Keller sued the Home Mutual Benefit Association to recover on two benefit certificates issued by the association at his application upon the life of E. W. Moore.

The Home Mutual Benefit Association was incorporated under the laws of the State of Arkansas for the purpose of conducting a life and accident insurance business in this State. I. T. Keller applied to the Home Mutual Benefit Association to issue two benefit certificates to him as the beneficiary upon the life of E. W. Moore, and they issued in the sum of $1,000 each, on the 4th day of May, 1915. At the time E. W. Moore resided with I. T. Keller, who had married his daughter, and had one child by her. E. W. Moore owned the farm on which they resided, and Keller cultivated the land for a part of the crop. Two years later Keller moved to town and borrowed $1,000 from Moore with which to run a garage. Moore moved to town and lived with Keller for a while. Subsequently he married again and died on the 14th day of May, 1920. After he mar-

ried the second time Moore said to his wife that he had loaned Keller $1,000, and that the latter had been as good to him as if he had been his own son. Moore was very much attached to his grandson, who was the son of his daughter and Keller. After Moore died Keller paid to his estate $1,000 which he had borrowed from him. Keller took out the policy as a good investment because Moore was about sixty years of age and resided with Keller at the time the latter took out the insurance.

The jury returned a verdict for the plaintiff, and from the judgment rendered the defendant has appealed.

*Norwood & Alley,* for appellant.

1. Keller had no insurable interest in the life of Moore, and a verdict should have been directed for defendant. 132 Ark. 461. The mere fact that he is the son-in-law does not give him an insurable interest. 98 Ark. 52; 132 *Id.* 458; 35 L. R. A. 692; 14 R. C. L. 97-8; 33 L. R. A. (N. S.) 941.

2. The court erred in its instructions given and refused.

*Pole McPhetridge,* for appellee.

Keller has an insurable interest in Moore. Appellee was living with the insured and was a son-in-law and treated as a son and had an interest in Moore's life, and would derive more benefit from his life than his death. 154 Penn. St. 99; 26 Atl. 253; 83 S. E. 1045; 1 Bacon on Life & Acc. Ins. (4 ed.), § 296; *Id.* 300; 104 U. S. 779. A primary interest is not required. 8 Elliott on Cont., § 4068; 172 Ky. 444. 98 Ark. 52, nor 132 Ark. 458 are in point. Act No. 462, Acts 1917, defines those who have an insurable interest, and there is no error in the instructions. The testimony and the law sustain the verdict.

HART, J. (after stating the facts). The defense of the insurance company to the suit is that Keller did not have an insurable interest in the life of Moore, and on this account the policy is void. Hence it is earnestly insisted by counsel for the defendant that the court erred

in not directing a verdict in its favor, and in this contention we think counsel are correct.

What constitutes an insurable interest in the life of another is clearly stated in *Warnock* v. *Davis,* 104 U. S. 775, as follows:

"It is not easy to define with precision what will in all cases constitute an insurable interest, so as to take the contract out of the class of wager policies. It may be stated generally, however, to be such an interest arising from the relations of the party obtaining the insurance, either as creditor or of surety for the assured, or from the ties of blood or marriage to him, as will justify a reasonable expectation of advantage or benefit from the continuance of his life. It is not necessary that the expectation of advantage or benefit should be always capable of pecuniary estimation, for a parent has an insurable interest in the life of his child, and a child in the life of his parent, a husband in the life of his wife and a wife in the life of her husband. The natural affection in cases of this kind is considered as more powerful, as operating more efficaciously, to protect the life of the insured, than any other consideration. But in all cases there must be a reasonable ground, founded upon the relations of the parties to each other, either pecuniary or of blood or of affinity to expect some benefit or advantage from the continuance of the life of the assured, otherwise the contract is a mere wager by which the party taking the policy is directly interested in the early death of the assured."

The rule there announced has been approved by this court. *McRae* v. *Warmack,* 98 Ark. 52, and *Cotton* v. *Mutual Aid Union,* 132 Ark. 458. It is generally held that the connection between son-in-law and father-in-law is not sufficient to create an insurable interest in the latter in favor of the former. *Crismond's Admx.* v. *Jones,* 83 S. E. (Va.), 1045; Ann. Cas. 1917 C, 155 and note; *Rombach* v. *Piedmont & Arlington Life Ins. Co.,* 35 La. Ann. 233, 48 Am. Repts. 239, and *Shea* v. *Massachusetts Benefit Assn.* (Mass.), 39 Am. St. Repts. 475.

In the present case Keller procured the Home Mutual Benefit Association to issue the two benefit certificates sued on to him upon the life of E. W. Moore, his father-in-law. Keller kept the assessments paid until Moore died. Keller had no pecuniary interest in the continuation of the life of Moore. Moore was under no obligation, legal or moral, to support Keller or his family. The benefit certificates sued on were wager policies, and therefore void as against public policy. The mere fact that Moore lent Keller money and was willing to lend him more, coupled with the fact that he was kindly disposed toward him, can be said in no sense to take the case out of the rule that Keller was speculating on the hazard of a life in which he had no interest. The facts in the record of the present case show conclusively that Keller could have no expectation of advantage or benefit in the life of Moore, and the court erred in not instructing the jury that the benefit certificates sued on were wagering contracts and not enforceable in law.

Again it is sought to uphold the judgment upon the authority of the act of 1917, pertaining to the regulation and incorporation of fraternal benefit societies. Crawford & Moses' Digest, § 6068. That act has no application to the present case. By its terms it applies to mutual benefit societies having a lodge system with a ritualistic form of work, and does not purport to apply to a mutual benefit association having no lodge system of government as in the present case. *Acree* v. *Whitley,* 136 Ark. 149.

It follows that the court erred in not directing a verdict for the defendant. Inasmuch as the case has been fully developed, the judgment will be reversed, and the cause of action dismissed.