AMERICAN INSURANCE UNION *v.* MANES.

## Opinion delivered October 31, 1921.

1. INSURANCE—WAGER CONTRACT.—An agreement between plaintiff and his father-in-law that the latter should become a member of a benefit society, and that plaintiff should be the beneficiary and should pay the assessments and all other expenses necessary to obtain and maintain the membership, is a wager contract and void in its inception.

2. INSURANCE—WAGER CONTRACT.—Only the insurer can take advantage of the ineligibility of the beneficiary in a benefit certificate or policy of insurance.

3. INSURANCE—WAGER CONTRACT—WHO MAY QUESTION.—Though a benefit certificate was void as being a wager contract, and not binding upon the society which issued it, a society which subsequently entered into a contract to perform the original contract of insurance cannot question its validity.

Appeal from Searcy Circuit Court; *J. M. Shinn,* Judge; affirmed.

*Basil Baker,* for appellant.

The application upon which the policy was issued was a wagering contract, and against public policy. 98 Ark. 52; 222 S. W. 1067; 132 Ark. 458; 119 Ark. 498.

The act of 1917, p. 2091, does not apply to mutual benefit associations not having a lodge system; neither is it retroactive. *Mutual Benefit Association* v. *Keller,* 148 Ark. 361; 226 S. W. 525; 2 Joyce on Insurance, Secs. 1066 to 1071, inclusive; 104 U. S. 775-778, with Rose's notes thereon; Ann. Cas. 1917C, p. 155; 14 R. C. L. 905 to 919, inclusive.

*W. F. Reeves,* for appellee.

The application upon which the policy was issued was written by the agent of the company, with full knowledge of the relationship, and the company is now estopped from denying liability. 64 Hun (N. Y.) 534; 19 N. Y. Suppl. 432; 25 Cyc. 711-712 and cases cited.

The appellant having, without question, assumed the contract in all particulars, and by rider thereto at-

tached, to carry out the provisions thereof, is bound by the original contract. 28 S. C. 431; 6 S. E. 286; 32 Ark. 346; 36 Ark. 248; 42 Ark. 500.

McCULLOCH, C. J.   This is an action instituted on a life insurance policy or certificate of membership issued by the Home Protective Association, a domestic corporation, to Jesse Welborn, the plaintiff, J. H. Manes, being named as beneficiary.   Welborn lived nearly four years after the policy was issued, and all of the premiums or assessments were paid up to his death.   During his lifetime the defendant, American Insurance Union, a foreign corporation, entered into a contract with the Home Protective Association, whereby it took over all the memberships of the latter association and assumed its obligations to its members, and issued to Welborn a certificate in the form of a rider to the original benefit certificate, certifying that the obligations of the original insurer were assumed by defendant.

Defendant denies liability on the ground that plaintiff, the specified beneficiary in the certificate, had no insurable interest in the life of Welborn, and that the certificate constituted a wager contract and unenforceable on grounds of public policy.   This is the sole defense offered in the case.   According to the evidence adduced, plaintiff was the son-in-law of Welborn at the time the latter became a member of the Home Protective Association, and was not dependent in anywise on Welborn.   Welborn was solicited to join the association, and declined, but stated that he was willing for any of his children to take a policy on his life.   Thereupon the agent of the Home Protective Association procured an application from Welborn, and plaintiff was present and signed Welborn's name to the application.   It was agreed in advance between Welborn and plaintiff that the latter should pay the assessments and all other expenses necessary to obtain and maintain the membership.   This evidence establishes the fact that the contract was, under our decisions, a wager contract, and

void in its inception. *Langford* v. *National Life & Acc. Ins. Co.,* 116 Ark. 527; *Cotton* v. *Mutual Aid Union,* 132 Ark. 458; *Home Mutual Benefit Assn.* v. *Keller,* 148 Ark. 361.

In *Langford* v. *National Life & Acc. Ins. Co., supra,* we held that ''a person may take out insurance on his own life, and name any one that he pleases as beneficiary,'' even though the beneficiary has no insurable interest at the time the policy is taken out; but that ''an agreement between the assured and the beneficiary, having no insurable interest, to the effect that the latter shall pay the premiums, and that the policy shall be taken out in his name, * * * * and shall be assigned to the person having no insurable interest,'' will render the policy void as a wagering contract.

The above declaration of the law is applicable to the present policy in its inception.

However, it has been ruled by this court, in line with the weight of authority, that only the insurer can take advantage of the ineligibility of the beneficiary in such a certificate or policy of insurance. *Johnson* v. *Knights of Honor,* 53 Ark. 255; *Longer* v. *Carter,* 102 Ark. 72. Defendant is not the original insurer, but entered into a contract to perform the original contract of insurance entered into between Welborn and the Home Protective Association. This contract contains some of the elements of one for re-insurance, in which both the original beneficiary and the insurer are interested. The contract with defendant is, in other words, one to pay the amount of the policy according to its terms, and constitutes an absolute obligation on the part of defendant which precludes inquiry as to the validity of the original contract, which the original insurer alone could question. There is great diversity among the authorities on the various phases of liability or non-liability under a wager contract, and no case similar to the one at bar has been brought to our attention; but we think that the rule that only the insurer can take advantage of the fact that the policy is invalid applies

with full force to the defendant in the present case, who, having obligated itself to perform the contract, is in no attitude to take advantage of a defense which the original insurer alone could have asserted.

For these reasons the judgment was correct upon the undisputed facts, and the same will be affirmed. It is so ordered.

HART, J., (concurring). I do not think that this case is controlled by the rule announced in *Home Mutual Benefit Association* v. *Keller,* 148 Ark. 361. There the policy did not show the relationship between the parties. Here it does. The difference is vital.

In the application Jesse Welborn, the insured, designated the relationship between himself and J. H. Manes, the beneficiary, as father-in-law and son-in-law. The company conducted a co-operative mutual life insurance business. By his application Welborn made a proposition to become a member of the association upon the distinct understanding that J. H. Manes should receive the insurance in the event of his death while a member. The application is a part of the policy. The association received the proposition, and it was accepted by the directors of the association, and a certificate of membership was given to Welborn. Thereafter the association accepted the dues for a period of more than four years until the death of Welborn.

There was no misrepresentation and no mistake. This is no case of waiver by an unauthorized agent. It was the act of the association itself, and it ought to be estopped to say that the acceptance was upon a condition utterly at variance with the proposition for membership, and one which would render the certificate wholly inoperative as regards the express intent of the insured. The association had a right to make a contract with Welborn to become a member and to designate his son-in-law as the beneficiary, provided the latter had a pecuniary interest or expectation in his life. *Home Mutual Benefit Association* v. *Keller, supra.*

The act of the association under the circumstances must be held to have constituted an agreement between itself and Welborn that Manes had an insurable interest in his life and, having received his dues under this presumption, it cannot now introduce proof to show that Manes had no insurable interest in his life. *Smith* v. *People's Mutual Benefit Society,* 64 Hun. (N. Y.) 534.

Therefore, I concur in the judgment.