LASETER *v*. LASETER.

Opinion delivered February 19, 1923.

1. INSURANCE—BY-LAW OF BENEFIT SOCIETY—STEPMOTHER AS MEMBER OF FAMILY.—Where a stepson had been at home only occasionally during the five years prior to his becoming of age, and afterwards married and lived apart from his father and stepmother, until his death, the stepmother was not a member of his family, so as to entitle her to the proceeds of an insurance policy within the meaning of by-laws of a mutual benefit society limiting beneficiaries to members of the insured's family.

2. INSURANCE—BY-LAWS OF BENEFIT SOCIETY—WIDOW AS BENEFICIARY.—Under by-laws of a fraternal insurance company providing that the beneficiaries should be limited to members of insured's family, and that if a designated beneficiary was ineligible the benefit should go to his widow, *held* that a benefit certificate taken for the benefit of insured's widow and his stepmother was payable to the widow alone where the stepmother was not a member of his family.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

*Buzbee, Pugh & Harrison,* for appellant.

The court erred in dismissing the intervention of the administrator. 53 Ark. 255; 102 Ark. 72; 150 Ark. 317. The courts are divided as to what persons would class as "member of family," under the by-laws of the order in force in this case. 64 S. W. 8; 22 S. W. 551; 47 Atl. 460; 88 Am. St. Rep. 449; 16 N. W. 871; 87 S. W. App. 268. Our Legislature in act 462, Acts of 1917, classed a stepmother, with others, as a beneficiary. That act is not controlling here, but it is for the insurance society to challenge the stepmother's eligibility, which was not done. The court erred in dismissing the intervention.

*Rogers & Terral* and *J. C. Marshall,* for appellee.

The stepmother was not a member of the household of the insured, and was not eligible. 106 N. W. 140; 119 N. E. 426; 126 N. E. 892; Words & Phrases, "Family." By paying the money into court the society simply recognized liability to the rightful claimant thereto. 163 N. W. 292; 27 Cal. App. 607; 150 Pac. 803; 151 Wisc. 155; 138 N. W. 615; 112 Wis. 587; 88 N. W. 606. The exact question involved here, as to the right of the beneficiary under the contract to assert the disqualification of others designated as beneficiaries, has been ruled upon in the following cases: 106 N. W. 140; 92 N. E. 962; 87 N. E. 299; 36 L. R. A. (N. S.) 208. The fact that the member designated his stepmother as his mother is immaterial. 191 S. W. 539; 34 L. R. A. (N. S.) 1192.

SMITH, J. In the year 1909 Modern Woodmen of America issued to William E. Laseter a policy of insurance, or benefit certificate, in the sum of $2,000, payable to William F. Laseter, his father, and Roy Laseter, his brother. On October 6, 1916, he changed the beneficiaries in said certificate, and designated as beneficiaries Mattie Laseter, his stepmother, and Mollie Elizabeth Laseter, his wife. The change of beneficiaries was accomplished in accordance with the rules of the insurance order, by canceling the original certificate and issuing,

in lieu thereof, a certificate in the sum of $2,000, payable to Mattie Laseter and Mollie Elizabeth Laseter, "related to said member as mother and wife."

W. E. Laseter died on the 10th day of July, 1920, and claims were duly presented by Mattie Laseter and Mollie Elizabeth Laseter, the designated beneficiaries. Mattie Laseter's claim was for a thousand dollars. Mollie Elizabeth Laseter made claim for two thousand dollars, setting up that Mattie Laseter was not eligible to take as beneficiary under the by-laws of the insurance order. Modern Woodmen of America promptly paid Mollie Elizabeth Laseter a thousand dollars, but withheld payment of the remainder on account of the conflicting claims of the designated beneficiaries.

Mollie Elizabeth Laseter sued the insurance order, and that defendant filed motion that the administrator of Mattie Laseter (who had died in the meantime) be made a party, and offering to pay the money into court, although the payment was not made.

The benefit certificate provided that, in case the designated beneficiary should be disqualified, and no substituted beneficiary had been named, the money should go in accordance with the by-laws of the order in force at the time of the death of the insured.

It is admitted that, if Mattie Laseter was ineligible, the entire certificate, under the terms of the by-laws of the insurance order, would be payable to the widow; and it is also admitted that the stepmother of the insured was not eligible as a beneficiary, under the by-laws of the order, unless she was a member of the family of the insured, within the meaning of that phrase as used in the by-laws of the insurance order. It is insisted, however, that the stepmother was a member of the insured's family within the meaning of the by-laws of the order; and it is also insisted that, if she was not a member of his family, that question can be raised only by the insurance order, and has not been raised by it.

The court below found in favor of the widow of the insured, and rendered judgment accordingly, and this appeal is from that judgment.

As has been said, the stepmother of the insured was not among the eligible beneficiaries under the by-laws of the order, unless she was a member of the insured's family, or a dependent upon him; and we think, under the recitals of the agreed statement of facts, she was not a member of his family, nor a dependent. The relation of stepmother is a very tender one, and one's stepmother might well be a member of his family; but, as we have said, the agreed statement of facts shows the stepmother was not a member of the insured's family.

It appears, from the agreed statement of facts, that the insured's father married Mattie Laseter in August, 1907, and that she was never dependent upon the insured for support, and never at any time lived in his home. The insured finished school at twenty-one, and for five years prior thereto came back to the home of his father and stepmother for short periods of time. After finishing school insured taught continuously until he married in 1915, from which time he maintained a home of his own, and lived separate and apart from his father and stepmother until the time of his death. Under these circumstances the stepmother was not a member of the insured's family. See the various cases defining the word "family" in Words & Phrases.

Counsel for appellant insist that only the insurance order can question the eligibilty of the stepmother, and cite, in support of that contention, the following cases: *Johnson* v. *Knights of Honor*, 53 Ark. 255; *Longer* v. *Carter*, 102 Ark. 72; and *American Ins. Union* v. *Manes*, 150 Ark. 315. In the case of *Longer* v. *Carter, supra,* the court said: "It seems to be settled by the weight of authority that, where a member of a fraternal benefit society has the right, under the laws of the order, to change the beneficiary, and does make a change in the manner prescribed by the laws of the order, no one but the society

itself can question the eligibility of the person thus designated, and the original beneficiary has no right to complain, even though the new beneficiary does not fall within the class specified by the laws of the order. In other words, that the society itself may waive the ineligibility of the designated beneficiary, and that the original beneficiary, having no vested interest in the benefit, is not in position to complain." In that case the insured changed his beneficiary to one who was not eligible to be a beneficiary, and upon the death of the insured the original beneficiary sought to question the qualification of the subsequent beneficiary. The right of the original beneficiary to question the substitution was denied, upon the ground that the original beneficiary had no vested interest in the benefit certificate, and therefore had no right to question the eligibility of the substituted beneficiary.

The same principle controlled in the case of *Johnson v. Knights of Honor, supra.* There the certificate was made payable to the insured's "heirs." Later the insured married, and died without changing his beneficiaries, and the litigation arose between the widow and the insured's brother and sister. The court held that the brother and sister, and not the widow, were the heirs, and therefore the persons named in the certificate, and that their eligibility could not be questioned by the widow, who was not named as beneficiary.

The case of *American Insurance Union v. Manes, supra,* was one where it was insisted that the benefit certificate was void as being a wager contract; but the court held that, even though it was not binding on the company which issued it, as being a wager contract, a society which subsequently entered into a contract to perform the original contract of insurance could not question its validity.

We have here a different proposition. An eligible and named beneficiary claims the entire benefit, and she is entitled thereto under the by-laws of the order, unless

the stepmother is entitled to a part thereof. We do not understand that the insurance order is waiving the ineligibility of the stepmother; it merely tenders into court the sum it still owes under the benefit certificate, and asks that it be discharged from liability thereon, and accompanying its motion is a copy of its by-laws, from which it appears that the stepmother is ineligible unless she was a member of the insured's family.

The case of *Logan* v. *Modern Woodmen of America*, 137 Minn. 221, 163 N. W. 292, 2 A. L. R. 1676, is a case in which the propositions here involved were considered, and the opinion of the Supreme Court of Minnesota in that case is of especial value here, because it construes the sections of the by-laws of the insurance order here under consideration, the insurance order in both cases being the Modern Woodmen of America. In that case Oliver Jones procured a benefit certificate payable to Mrs. Austin, his mother-in-law. He later changed the beneficiary and made his certificate payable to Mrs. Logan, his deceased wife's niece, who was designated as "related to said member in the relationship of niece." It was conceded that Mrs. Logan was not a blood relative of the insured, and was never dependent upon him, nor a member of his family. The court said that, as Mrs. Logan was not within any of the classes of persons eligible to be appointed as beneficiary, her designation as such gave her no right to share in the benefit fund of the society. The named beneficiary being ineligible, the court, in construing the effect of the by-laws, said: "If the appointee in the certificate is ineligible, the by-laws step in and appoint another in his stead who is eligible. * * * The appointment of Mrs. Austin as beneficiary was canceled by the assured in the manner prescribed by the by-laws; and the failure to appoint an eligible beneficiary in the new certificate did not revive or reinstate the canceled appointment, but, by force of the by-laws, made the children of the assured

his legal beneficiaries," and the judgment of the court in favor of the children was affirmed.

Here by force of the by-laws the widow is made the legal beneficiary, and she therefore takes the share which would have gone to the stepmother but for the ineligibility of the latter.

In that case, as in this, the insurance order tendered the money into court and asked to be discharged from liability, and on that account it was contended there, as here, that the insurance order had waived the ineligibility of the substituted beneficiary. Answering that contention, the court said: "We are also unable to assent to the proposition that the payment of the money into court operated to waive the by-law. By paying the money into court, the society simply recognized liability to the rightful claimant thereto, not to any particular claimant, and its action amounted to nothing more than a demand that the court protect it against a double liability by determining to whom the money rightfully belonged" (Cases cited).

The case of *Cunat* v. *Supreme Tribe of Ben Hur* (249 Ill. 448, 94 N. E. 925) is annotated in 34 L. R. A. (N. S.) 1192. In the annotator's note it was said that the authorities are unanimous in holding that joining an ineligible person with an eligible one as beneficiary in a mutual beneficiary certificate did not render the certificate void, and that the portion made payable to the ineligible person would, as a general rule of law, be payable to the persons who, under the rules of the insurer, are eligible as beneficiaries. That person here is the wife.

In the case of *Logan* v. *M. W. of A., supra,* the court, in construing § 46 of the by-laws, said: "By virtue of this provision, if the beneficiary named is found to be ineligible, the widow, and, if no widow, the children, become the beneficiaries, and the obligation of the society remains in full force."

We conclude therefore that the judgment was properly rendered in the wife's favor, and it is affirmed.