## MUTUAL AID UNION v. STEPHENS.

No. 14767—Opinion Filed Feb. 19, 1924.

**1. Insurance—Life Insurance — "Insurable Interest."**

Wherever there is any well founded expectation of, or claim to, any advantage to be derived from the continuance of a life, there is an insurable interest, though there may be no claim upon the person whose life is insured that can be recognized in law or equity. The essential thing is that the policy shall be obtained in good faith and not for the purpose of speculating upon the hazard of a life.

**2. Same — Invalidity of Compromise of Claims.**

Evidence examined, and held sufficient to justify the jury in avoiding a settlement on life insurance certificate signed by plaintiff.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by John Thomas Stephens against Mutual Aid Union, a life insurance company. From a judgment in favor of the plaintiff, defendant brings error. Affirmed.

Duty & Duty and Cochran & Ratterree, for plaintiff in error.

H. A. Gassaway, for defendant in error.

Opinion by PINKHAM, C. This action was brought in the district court of Okfuskee county by the defendant in error, plaintiff in the trial court, against the Mutual Aid Union, an Arkansas corporation, to recover upon a certain certificate of membership in said Mutual Aid Union in the nature of insurance upon the life of Mrs. M. E. Stephens, the mother in-law of plaintiff, in which defendant in error, John Thomas Stephens, is named as the beneficiary.

The parties will be referred to as they appeared in the trial court.

The petition alleged that such certificate was duly issued by defendant company, and was in full force and effect upon the date of the death of said assured on the 16th day of September, 1922. The petition further alleged that after the death of the said Mrs. M. E. Stephens, the defendant attempted to settle the loss thereon, and by means of false

and fraudulent representations through its agent in negotiating with defendant secured a compromise adjustment of such claim in the sum of $107.84; that such compromise so obtained because of the fraudulent and false representations of defendant's agent, and relied upon and believed to be true by the plaintiff, is of no force and effect, and that the full amount of said policy or certificate, to wit, $1,000, less said sum of $107.84, is due and payable to the plaintiff on account of the death of said assured.

Defendant for its answer to plaintiff's petition denies generally the allegations of plaintiff's petition, except that it admits the issuance of said certificate of membership, and admits the compromise adjustment thereunder for the sum of $107.84, which it alleges was in all respects free and fair and without any false or fraudulent representations upon its part, and that said compromise adjustment was in full and complete voluntary settlement of the disputed claim or liability upon said certificate.

Defendant further pleads that plaintiff had no insurable interest in the life of Mrs. M. E. Stephens, and that therefore said certificate was a waiver of the contract and was absolutely null and void, and prays the plaintiff take nothing.

Plaintiff, for reply to defendant's answer, denies all the allegations of new matter therein contained.

The cause was tried to a jury and resulted in a verdict for the plaintiff and fixed the amount of his recovery at $817.16, upon which the court rendered judgment. Motion for new trial was filed and overruled, to which action of the court the defendant excepted, and the cause comes regularly on appeal to this court.

For reversal of the judgment defendant assigns numerous specification of error which are discussed in its brief under two propositions: First, that the case should be reversed and the cause dismissed for the reason that it was settled between the parties in good faith; second, that the beneficiary had no insurable interest in the life insured.

It is contended that a compromise settlement was entered into between the agent of the defendant company and the plaintiff, by the terms of which the defendant paid the plaintiff $107.84 in full satisfaction of the $1,000 certificate of insurance which was held by Mrs. Stephens, written in favor of the plaintiff.

Numerous decisions of this court are cited in defendant's brief in support of the contention that this case should be reversed and the cause dismissed as it was settled by the parties in good faith.

The rule announced in the cases cited is concisely stated in Young v. Stephenson, 82 Okla. 243, 200 Pac. 225, as follows:

"Voluntary settlements between parties in respect to their rights, where all have the same knowledge or means of obtaining knowledge concerning the circumstances involving their rights, and there are no fraud, misrepresentations, concealments, or other misleading incidents are so favored that a settlement of their differences must stand and be enforced although the settlement made between the parties in their agreement might not be that which the court would have decreed to be had the controversy been brought before it for decision."

The evidence shows that the agent of defendant, after the death of Mrs. Stephens, the insured, sought out the plaintiff in his field, where he, his brother, and two nephews were at work, for the purpose of settling with him.

There is a sharp conflict in the evidence as to the proposition made by this agent to the plaintiff which resulted in the plaintiff accepting $107.84 in satisfaction of the certificate of insurance.

The plaintiff testified that Mr. Mundell, the defendant's agent, represented to him that a law had been passed prohibiting insurance companies paying policies taken out by mothers-in-law; that the defendant company was insolvent; that plaintiff was not entitled under the law to anything, but that he would pay him $107.84 in full settlement of his claim, and unless he would take that amount at the time he would not get anything; that he had settled two similar claims that day; that he refused to allow him time to consult his lawyer in regard to the matter; that relying upon these representations he accepted the amount offered him in full satisfaction of his claim, and caused his brother to sign a receipt for the same. It appears that the plaintiff is uneducated and writes his name with difficulty. This testimony was corroborated by two witnesses who were present.

W. A. Mundel testified in his deposition that he represented the Mutual Aid Union, defendant herein, as special representative; that he was instructed by defendant company to call on the plaintiff and adjust or settle the certificate of membership in defendant company issued to Mrs. M. E

Stephens; that he stated to the plaintiff that he did not have an insurable interest in life of the deceased member or any legal right to the benefits of her membership; that he discussed with the plaintiff the law relative to cases of this character, and cited the opinion of the Arkansas Supreme Court in the case of Home Mutual Benefit Ass'n v. Miller.

He further testified that the plaintiff indicated a desire to consult an attorney before making a settlement and that wishing to be fair and give the plaintiff an opportunity to determine his rights he agreed to allow him in the settlement $25 as an attorney fee; that the plaintiff finally concluded this was unnecessary and that he therefore included $25 in the settlement; that the plaintiff appeared satisfied with the settlement when consummated.

This question of fact was submitted to the jury under proper instructions and their verdict involved a finding of the truthfulness of the testimony on behalf of the plaintiff.

The only other ground upon which a reversal of judgment is sought is that the policy sued upon is void for the reason that the beneficiary, the plaintiff herein, had no insurable interest in the life of the deceased.

The well-established rule, of course, is that one obtaining a policy of insurance on the life of another must have an insurable interest in that other. All the authorities agree that an interest of some sort must exist in the case of life insurance. The authorities differ to some extent on the question of what constitutes the requisite interest (14 R. C. L. 919).

In the case of Mechanic's National Bank v. Cummins (N. H.) 55 Atl. 193, it is said:

"The tendency of the American decisions 'is to hold that wherever there is any well-founded expectation of or claim to any advantage to be derived from the continuance of a life, there is an insurable interest in the life though there may be no claim upon the person whose life is insured that can be recognized in law or in equity.' (Bliss Life Ins. Sections 21, 31; May, Ins., sections 102, 111). "A person has an insurable interest in the life of another when there is a reasonable probability that he will gain by the latter's remaining alive, or lose by his death.' (3 Kent [14th Ed.] 566; note). The result of a recent review of American cases is thus stated: 'An insurable interest which will take an insurance policy out of the class of wager policies is such an insur-

ance arising from rights of blood or other relations as will justify a reasonable expectation of advantage or benefit from a continuance of the life of the assured. This rule, it would appear, does not dispense entirely with a pecuniary interest but merely permits that interest to consist of a mere expectation of pecuniary benefits, as distinguished from the requirement of the other rule, that the interest must amount to a claim recognizable or enforceable in law.' 54 L. R. A. 234. In short, 'the essential thing is that the policy shall be obtained in good faith and not for the purpose of speculating upon the hazards of a life.' Conn., etc., Ins. Co. v. Schaefer, 94 U. S. 457, 460, 24 L. Ed. 251; Kentucky Ins. Co. v. Hamilton, 63 Fed. 93, 101, 11 C. C. A. 42."

In the case of Thomas v. National Benefit Association, 84 N. J. Law, 281, 86 Atl. 375, it is said in the first paragraph of the syllabus:

"Where the insured is under a moral obligation to render care and assistance to the beneficiary in the time of the latter's need then the latter has an insurable interest other than a mere pecuniary one, in the life of the former."

The uncontroverted proofs submitted at the trial show that the insured, Mrs. M. E. Stephens, had been married twice. By the first marriage a daughter was born, and after the death of her first husband she married the father of plaintiff, and that the plaintiff and the daughter of Mrs. Stephens were married; that at a later date the husband of Mrs. M. E. Stephens died, and she then made her home with the plaintiff and his wife, her daughter; that Mrs. M. E. Stephens remained there in the home of her son-in-law for a number of years; that several years prior to the taking out of this policy the plaintiff's wife, the daughter of the insured, died, leaving four small children from four years of age to fourteen years of age; that Mrs. M. E. Stephens, the insured, took charge of the plaintiff's home and looked after the welfare of the plaintiff's children up to the time of her death.

In answer to the question: "After your wife died, what position in your home did Mrs. M. E. Stephens assume?" the plaintiff said: "She was the mother of my children." Three of these children were girls, and one boy.

We think that these facts disclose an insurable interest, and that the relation of the parties had been of such a character that each had reason to rely upon the other in time of need.

Furthermore, the application of the insured, which was a part of the policy, disclosed

the relationship of the insured and the plaintiff. The application was accepted by the defendant company, with full knowledge of that relationship, and a certificate of membership was given to the insured.

Thereafter the defendant company accepted the dues from the plaintiff until the death of the insured.

The case of Home Benefit Ass'n v. Keller, 148 Ark. 361, cited by defendant in its brief, is not applicable to the instant case. Judge Hart, who wrote the opinion in that case, says in his concurring opinion in the case of American Insurance Union v. Maines (Ark.) 234 S. W. 496:

"I do not think that this case is controlled by the rule announced in Home Mututal Benefit Ass'n v. Keller, 148 Ark. 361, 230 S. W. 10. There the policy did not show the relationship between the parties. Here it does. The difference is vital. * * * The association had a right to make a contract with Welborne to become a member and to designate his son-in-law as the beneficiary, provided the latter had a pecuniary interest or expectation in his life (Home Mutual Ben-Asso., supra). The act of the association under the circumstances must be held to have constituted an agreement between itself and Welborne; that Maines had an insurable interest in his life, and having received his dues under this presumption it cannot now introduce proof to show that Maines had no insurable interest in his life." Smith v. Peoples' Mutual Ben. Soc., 64 Hun, 534, 19 N. Y. Supp. 432.

We think the judgment of the lower court should be affirmed.

On appeal to this court from the district court of Okfuskee county, superseadeas bond was filed, executed by the defendant, Mutual Aid Union, as principal, and A. J. Martin and V. K. Chowning, as sureties, to stay execution of said judgment; and the plaintiff has asked this court in his brief to render a judgment against the bondsmen of the defendant as well as against the defendant. No response has been made to this request. The judgment of the trial court was rendered on the 31st day of May, 1923, in the sum of $817.16, and for costs, and judgment, therefore, will be entered in this court against the defendant and the sureties on said appeal bond in the sum of $817.16, and for costs, for which execution may issue.

By the Court: It is so ordered.