ELECTRICAL WORKERS BENEFIT ASSOCIATION, a corporation of the District of Columbia,

*vs.*

HATTIE F. DERRICKSON, Administratrix of the Estate of Richard R. Reeder, deceased, BEATRICE M. BURGOON, Guardian for Florence Reeder, an infant, MAY FRAUSS REEDER CUMPSTON, ANNA L. WRIGHT and GEORGE E. REEDER, Administrator of the Estate of Curtis V. Reader, deceased.

*New Castle, Sept. 27, 1939.*

*Hering, Morris, James & Hitchens,* for complainant.

*Ernest V. Keith,* for Hattie F. Derrickson.

*Joseph A. L. Errigo,* for respondents Beatrice M. Burgoon and May Krauss Reeder Cumpston.

*Howard Duane,* for respondent Anna L. Wright.

*William Poole,* for George E. Reeder, Administrator.

THE VICE-CHANCELLOR: In this case, a fund, paid into court by a fraternal benefit association, is claimed by the person designated as beneficiary in the benefit certificate, and also by those entitled under the laws of intestacy to the personalty of the deceased member of the association. The determining issues are whether under a proper construction of the agreement represented by the benefit certificate and by-laws of the association, the fund is payable to the named beneficiary or to the other claimants; and whether restrictive provisions of the by-laws relating to beneficiaries may be asserted against the claim of the named beneficiary by anyone other than the association.

The complainant association issued a benefit certificate to one Curtis V. Reeder, the member, about five years prior to his death in 1927. The certificate provides for the payment of a sum of money at the death of the member and that

"The sum due shall be payable without interest upon receipt of satisfactory proof of the cause, time and place of death to Anna L. Wright,
Beneficiary
bearing the relationship of————."

Although it does not appear how the name of Anna L. Wright was indicated to the benefit association, I do not understand that any of the parties question that she was designated by the member prior to the issuance of the certificate.

Some years after the death of the member, complainant filed its bill of interpleader in this court, joining as respondents Anna L. Wright, the administrator, widow, surviving children, the administrator of a child who died after the death of the member, and the guardian of a minor child of the member. In the bill, it is alleged that the complainant is uninformed whether Anna L. Wright, although named as beneficiary in the certificate, is a proper beneficiary under its by-laws; that although the benefit has become payable, the complainant is unable to determine the person or per-

sons legally entitled to the fund. Pursuant to the prayers of the bill, an order was entered directing complainant to pay into the Court of Chancery the sum due, less certain expenses, and discharging the association thereafter from further liability. The association has complied with this order.

Anna L. Wright has filed her claim to the entire fund based essentially on the ground that it is in terms payable to her under the certificate. The remaining respondents have answered this claim and have filed claims on their own behalf. To these, Anna L. Wright has demurred and has moved for a decree notwithstanding the answers to her claim.

The other respondents rely upon the provisions of By-Law VII of the association as the basis of their alleged rights to the fund and of their objection to the claim of Anna L. Wright. This by-law purports to limit the right of a member to name beneficiaries by restricting such beneficiaries to persons bearing stated relationships to the member; it also makes provision for payment to others than a named beneficiary under certain circumstances. It appears in an extract from the association's by-laws annexed to the benefit certificate, as follows:

"By-Law VII Sec. 1. Every member of the Association shall have the right to name the person or persons who are to be his beneficiary or beneficiaries under the death benefit system of the Association; Provided, That said beneficiaries shall be confined to the families, heirs, blood relatives, affianced husband or affianced wife of the member or to persons dependent upon the member. Every member shall have the privilege of changing his beneficiary within the limitations expressed in this By-Law VII. Upon the failure of any member to name an original beneficiary or to name a new beneficiary after the death or inability to take of one previously named, the said death benefit shall be payable to the person or persons who are entitled to take the personal property of the deceased member in accordance with the laws of the domicile of such deceased member governing the distribution of personal property in case of intestacy. * * *"

The benefit certificate contains a statement that it, together with the certificate of incorporation and the constitu-

tion and by-laws of the association and the application for membership and the medical examination of the member and all amendments to each, shall constitute the agreement between the association and the member. However, there is before the court only the benefit certificate with annexed extracts from certain by-laws, and it will therefore be assumed that these include all provisions of the contract which in any way relate to the questions here raised.

It is conceded for the purposes of this hearing that Anna L. Wright at no time met the eligibility qualifications of the by-law. On the other hand, it has been assumed at the argument that the other respondents are all persons entitled to take the personalty of the deceased member under the laws of his domicile relating to intestate personal property. I shall likewise make these assumptions without passing upon their correctness.

The other respondents contend that by reason of the ineligibility of Anna L. Wright the attempt to designate her as beneficiary was wholly ineffectual, for the right of the member was limited to the appointment of persons within the stated classes. Accordingly, they say, there was a failure of the member to name an original beneficiary within the meaning of the by-law, and that the occurrence of this contingency makes operative the express provision of the by-law directing payment to them, the intestate distributees of the member.

The respondent Wright opposes this construction of the by-law and urges that the first condition of the by-law requiring payment over to intestate distributees has not occurred for the reason that an original beneficiary was in fact named. She says, in substance, that the expression "to name an original beneficiary" does not, expressly or impliedly, mean the naming of a person within the restricted classes; but on the contrary that it means the naming of any person as beneficiary, whether or not within the classes previously specified.

The court cannot agree with this latter view. The first sentence of the by-law grants and defines the right of a member to name a beneficiary. That right is expressly limited to the naming of persons having certain qualifications. Subsequent reference in the same paragraph of the same by-law to the naming of an original beneficiary must be construed to mean a naming in the exercise of, and in conformity with the privilege specifically granted the member. It is indeed unreasonable to suppose, in the absence of plain indication to the contrary, that the by-law should be deemed to recognize appointments in direct violation of the restrictions which the by-law itself imposes.

Thus, the other respondents must prevail; unless, as Anna L. Wright contends, (1) the association has waived or is estopped to assert the by-law provisions, and (2) these provisions may not be asserted against her claim by any person other than the association. The acts charged to constitute the waiver or estoppel consist of the issuance of the certificate naming her as beneficiary and leaving blank the space provided therein for a statement of the relationship of beneficiary to member; the acceptance by the association of dues; and finally the filing of the bill of interpleader and payment of the fund into this court.

But there is nothing in the record to show that the association ever had knowledge that Anna L. Wright did not have the prescribed qualifications. In view of the by-law, neither the issuance of the certificate, acceptance of dues, nor the omission of a statement of the relationship of Anna L. Wright to the member, taken separately or together, can reasonably be deemed to indicate knowledge of the ineligibility or an intent that the prescriptions of the by-law were to be dispensed with. Whether a waiver or estoppel of the association would be established, or the terms of the contract itself modified, if the certificate had been issued containing a designation of the beneficiary by name and description which itself showed that the beneficiary was not within

the by-law restrictions, as in *Stronge v. Supreme Lodge, K. of P.,* 189 *N. Y.* 346, 82 *N. E.* 433, 12 *L. R. A.* (*N. S.*) 1206, 121 *Am. St. Rep.* 902, 12 *Ann. Cas.* 941; *Clayton v. Supreme Conclave, Improved O. of H.,* 130 *Md.* 31, 99 *A.* 949; *Coulson v. Flynn,* 181 *N. Y.* 62, 73 *N. E.* 507, need not be determined.

Numerous cases have been cited by counsel for respondent Wright in which courts have held that persons not privy to the contract cannot contest the right of a named beneficiary to payment of the benefit, and that the society, by issuing the certificate, accepting dues, and other acts, as well as by paying the sum due into court on a bill of interpleader, waives any objection to payment to that beneficiary. These and other authorities have been examined with care. In many of the cases, while the by-laws restricted the naming of beneficiaries to persons having certain qualifications, it does not appear that there were provisions for payment to alternative beneficiaries upon the happening of certain contingencies; in other cases, where there were directions for alternative payments, no contingency had occurred requiring payment to other persons.

The fundamental distinction between the authorities cited and the present case lies in the fact that here a contingency has occurred, which under the terms of the contract between the member and the association requires that payment be made to persons other than the named beneficiary. Under such circumstances the provisions for the benefit of the alternative beneficiaries may not be waived by the association, at least by any acts which are alleged to have been committed by this complainant; and such beneficiaries may properly assert their claim to the fund. *Logan v. Modern Woodmen of America,* 137 *Minn.* 221, 163 *N. W.* 292, 2 *A. L. R.* 1676; *Grand Lodge, A. O. U. W. of Maine v. Conner,* 116 *Me.* 224, 100 *A.* 1022; *Laseter v. Laseter,* 157 *Ark.* 273, 247 *S. W.* 1049; 45 *C. J. p.* 171, 19 *R. C. L. p.* 1288.

An order will be advised overruling the demurrers and denying the motions of Anna L. Wright.